ALBERT W. FINLAY & others *vs.* CITY OF BOSTON & another.

Suffolk.    November 20, 1906. — October 14, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Mandamus. Pleading, Civil,* Demurrer. *Equity Jurisdiction,* To restrain an improper expenditure of money by a municipality. *Municipal Corporations.*

The respondent in a petition for a writ of mandamus is not prevented by the provision in R. L. c. 192, § 5, that upon the return of the order of notice he "shall file an answer showing cause why the writ should not issue," from filing a demurrer if that is the ground on which he elects finally to put his case.

Mandamus does not lie when there is any other and effectual remedy.

A petition of twelve citizens of a city for a writ of mandamus to restrain an expenditure by the city alleged to be unlawful must be dismissed, because the remedy given by R. L. c. 25, § 100, to ten taxable inhabitants to maintain a suit in equity to restrain such an unlawful expenditure is exclusive.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk March 22, 1906, for a writ of mandamus against the city of Boston and the superintendent of its municipal printing plant, commanding them to refrain from the use of the union label of the "Allied Printing Trades Council of Boston, Mass.,"

and commanding the superintendent " to refrain from extending any preference in employment in said office to members of said unions or discriminating in any manner against other citizens who may be applicants for positions in said office, not members of said unions."

The petition alleged that the city council of Boston in April, 1901, had passed a vote enacting as follows : " All printed matter hereafter done for the City of Boston shall, so far as it can legally do so, bear the imprint of the union label of the Allied Printing Trades Council of Boston, Mass."; that the use of such label was permitted by the Allied Printing Trades Council only in shops where members of labor unions were employed exclusively; that any employer so using such label was not permitted to employ other than union men in a shop or establishment where the label was used, and that, in recognition of the ordinance, the respondent superintendent was operating the city's printing plant as a union shop, so called ; that he was unjustly and unlawfully discriminating in favor of members of the unions and against other citizens of the city not members of said unions ; that the use of the label on documents which the petitioners were obliged to receive from the city was " repugnant and obnoxious " to them and to other citizens not members of the unions, that the label was placed on the city printing and documents without lawful authority and in violation of the rights of the petitioners and other citizens, that the expenditure of the public moneys for the maintenance of such a plant, run in such a manner, was an abuse of corporate power, and unlawful, and that the ordinance requiring the use of said label was in violation of the constitutional rights of the petitioners and other citizens not members of said unions, and therefore invalid.

The respondents demurred to the petition and assigned as the third ground for the demurrer that if the petition was intended to prevent an abuse of corporate power or an illegal expenditure of public money, the petitioners' only remedy was in equity under the provisions of R. L. c. 25, § 100.

There was a hearing before *Sheldon*, J., who made the following reservation : " By agreement of the parties, this case is reserved for the consideration of the full court on the petition and demurrer. If the demurrer is sustained, the petition is to be

dismissed : otherwise, the respondents are to file answers, and the case is to be heard on the merits."

*J. J. Feely* (*R. Clapp* with him,) for the petitioners.

*P. Nichols,* for the respondent.

LORING, J. We are of opinion that the demurrer to the petition must be sustained for the second reason stated in the third assignment, to wit: Because the petition is intended to prevent an illegal expenditure of public money and therefore the petitioners' only remedy is under R. L. c. 25, § 100.

The point has not been taken in the case at bar that a demurrer does not lie to a petition for mandamus. Doubts have arisen before this upon that point by reason of the provision of R. L. c. 192, § 5, that upon the return of the order of notice " the person who is required to appear shall file an answer showing cause why the writ should not issue."

A petition for mandamus is in many cases a petition which ought to be summarily heard and disposed of if the petitioner is to have what he is entitled to. And we are of opinion that this provision in R. L. c. 192, § 5, was inserted to insure a speedy hearing on the merits, by requiring a completion of the pleadings on the return day, and that it was not intended to forbid the court's allowing the defendant to file a demurrer, if that is the ground on which he elects finally to put his case, or to set up in his answer the matters which would be the subject of an independent demurrer where he wishes to take issue both as to the right of the petitioner to relief on the allegation of the facts contained in the petition and as to the truth of those allegations. The following cases have heretofore been disposed of on demurrer without objection. *O' Connell* v. *Matthews,* 177 Mass. 518. *Perry* v. *Hull,* 180 Mass. 547. *Selectmen of Gardner* v. *Templeton Street Railway,* 184 Mass. 294. *Fowler* v. *Brooks,* 188 Mass. 64.

The substance of the complaint now before us is that the ordinance in question requiring the employment of union men to the exclusion of non-union men in the City Printing Department, " so far as it can legally do so," is void, and that for this reason, in the words of the petition, " The expenditure of the public moneys for the maintenance of such a plant, run in such a manner, is an abuse of corporate power and unlawful."

The petition is in effect a petition to prevent the illegal expenditure of public money. The twelve citizens who bring this petition could have brought a petition under R. L. c. 25, § 100. The cases of *Spaulding* v. *Peabody*, 153 Mass. 129, *Prince* v. *Crocker*, 166 Mass. 347, indicate that such a petition could have been brought under the statute before the scope of it was enlarged by St. 1898, c. 490, now R. L. c. 25, § 100. We are of opinion that the matter here complained of is ground for a petition under that act.

It is settled that mandamus does not lie where there is any other adequate and effectual remedy. The earlier cases are collected in *Selectmen of Gardner* v. *Templeton Street Railway*, 184 Mass. 294, 297, 298. That case is not decisive against the right of these plaintiffs to maintain a petition for mandamus. The right which the plaintiffs in that case sought to enforce was a statutory one, while the right here in question is a right at common law.

But we are of opinion that it was the intention of the Legislature, in enacting R. L. c. 25, § 100, to make the remedy given by that act to ten taxable inhabitants for cases covered thereby, exclusive of other remedies. It follows that mandamus does not lie. See in this connection *State* v. *Board of Education*, 35 Vroom, 59; *Ellison* v. *Raleigh*, 89 N. C. 125, 130; *State* v. *Board of Supervisors*, 29 Wis. 79.

*Petition dismissed.*