### BERT MOORE v. TAYLOR, Court Clerk.

No. A-4739.    Opinion Filed June 25, 1923.

(215 Pac. 965.)

(Syllabus.)

1. **Mandamus—Criminal Court of Appeals' Jurisdiction to Issue Proper Writ.** The Criminal Court of Appeals has jurisdiction and power to issue the writ of mandamus, directed to an inferior court, in the exercise or in aid of its appellate authority, where the same is a proper proceeding in a criminal case.

2. **Same—Writ to Inferior Court in Nature of Appellate Jurisdiction.** A mandamus to an officer is said to be the exercise of original jurisdiction, but a mandamus to an inferior court is in the nature of appellate jurisdiction.

Mandamus by Bert Moore against Frank Taylor, Court Clerk of Canadian County, to compel defendant to approve a supersedeas bond. Writ denied, and cause dismissed.

Lewis R. Morris, for relator.

The Attorney General and Leon S. Hirsh, Sp. Asst. Atty. Gen., for respondent.

DOYLE, J. The application for mandamus in this court recited that relator was, by information filed in the district court of Canadian county, charged with the commission of felony, and said court fixed his appearance bond; that relator presented to the court clerk an appearance bond in proper and

legal form; that the court clerk arbitrarily refuses to approve the same; that relator as a matter of right under the law is entitled to have said bond approved.

In Eubanks v. Cole, District Judge, 4 Okla. Cr. 38, 109 Pac. 742, it is said:

"This is a court of special jurisdiction, limited in the exercise of its powers exclusively to criminal cases, and it is undoubtedly true that, except in cases where under the law this court has original jurisdiction, all exercise of power in other cases must be in virtue of its appellate jurisdiction, and the writ of mandamus can be issued only in the exercise or in aid of its appellate authority. A mandamus to an inferior court is in the nature of appellate jurisdiction. The term 'appellate,' in the constitutional phrase, 'a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases,' is not used in a restricted sense, but in its broadest sense, as embracing the power and jurisdiction to review and correct the proceedings of inferior courts in criminal cases, brought before it for determination, in the manner provided by law. The statute prescribes the procedure by which such proceedings shall be brought before this court, and among the other modes prescribed the writ of mandamus may be a proper proceeding."

And it is held that in other cases it is generally, if not always, an exercise of original jurisdiction, and a mandamus to an officer is said to be the exercise of original jurisdiction.

It follows that the application for a mandamus in this case must be, and accordingly is, denied and the cause dismissed.

MATSON, P. J., and BESSEY, J., concur.