## STATE v. BRENT NEWELL.

Nos. A-8009 to A-8013.   Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 280.)

J. Berry King, Atty. Gen., and Ed. Waite Clark, Co. Atty., for the State.

W. Lee Johnson and Freeling & Box, for defendant in error.

6

EDWARDS, J. The five foregoing styled and numbered cases are attempted appeals by the state from a judgment in favor of defendant sustaining pleas of former jeopardy. The record in each of the cases is identical, except that the indictment in the different cases charges a different embezzlement. To these indictments defendant filed what is styled "Plea in bar and motion to dismiss indictment." This instrument alleges, in substance, that in January, 1928, defendant was charged by information in five counts in the district court of Pawnee county with embezzlement as a bank official of the moneys of the Bank of Skeedee. The plea alleges, in substance, that an agreement was entered into by the county attorney, defendant's counsel, attorneys for the State Banking Department, and with the approval of the district judge, that defendant will enter a plea of guilty to the charges contained in said information; that such plea of guilty shall embrace all matters and things with which defendant had been connected in said bank, including those embezzlements embraced in the information then on trial, and all other embezzlements from said bank and not included in the information; that pursuant to said agreement defendant did enter his plea of guilty and was by the court sentenced to serve a term of seven years in the state penitentiary on each of the counts in said information, the same to run concurrently. That it was fully understood and agreed by the prosecution and the defense and the trial court that such plea of guilty was intended to and did wipe out all embezzlements growing out of defendant's connection with the bank. That thereafter, in violation of such agreement, the indictments here involved were returned. The court treated the motion as a plea of former jeopardy, heard evidence, and at the conclusion made a finding of fact sustaining defendant's contention,

finding that the offenses were barred by reason of former jeopardy and entered judgment accordingly, among other things reciting:

"It is, therefore, adjudged by the court that the evidence introduced sustained the plea of former jeopardy and the indictment shall be dismissed, the defendant discharged from further custody and his bondsmen released."

The state thereupon reserved a question of law, gave notice of appeal, and prepared and served case-made. The judgment in each case was entered on April 7, 1930; the appeal in each case lodged in this court October 14, 1930, more than six months from the date judgment was rendered.

An appeal may be taken by the state as provided by section 2807, Comp. St. 1921. The time within which an appeal must be taken applies equally whether the appeal is taken by the state or by the defendant, and in felony cases it must be taken within six months after the judgment is rendered. Section 2808, Comp. St. 1921. Where the appeal is not taken within the time fixed, this court does not acquire jurisdiction, and the attempted appeal will be dismissed. Self v. State, 8 Okla. Cr. 70, 126 Pac. 582; Howey v. State, 9 Okla. Cr. 453, 132 Pac. 499.

The attempted appeals are dismissed.

DAVENPORT, P. J., and CHAPPELL, J., concur.