STATE EX REL. STEFFES, Petitioner, vs. RISJORD, Judge, Respondent.

*June 25—July 1, 1938.*

*Herbert J. Steffes,* district attorney of Milwaukee county, *Edward J. Yockey,* deputy district attorney, and *Charles J. Kersten,* assistant district attorney, for the petitioner.

*Joseph P. Brazy* of Milwaukee, and *Gordon Sinykin* of Madison, for the defendant Thomas M. Duncan.

FOWLER, J.    The district attorney of Milwaukee county has presented a petition to this court asking that it exercise its supervisory control by directing the Hon. G. N. RISJORD, circuit judge, acting as judge of the municipal court of Milwaukee county, to sentence Thomas M. Duncan as upon conviction of manslaughter in the first degree.

The petition shows that Thomas M. Duncan, hereinafter referred to as the "defendant," was brought to trial upon an information charging that he did on March 9, 1938, at Mil-

waukee county "unlawfully and feloniously kill and slay" Henry Schuette. This it is conceded properly charges him with manslaughter in the first degree defined by sec. 340.10, Stats., as "the killing of a human being, without a design to effect death, by the act, procurement or culpable negligence of any other, while such other is engaged in the perpetration of any crime or misdemeanor not amounting to a felony, . . . in cases where such killing would be murder at the common law."

The petition shows that the state claimed on the trial that the facts that brought the defendant within the statute were that he killed Schuette by driving an automobile upon him while he, the defendant driver, was in a drunken condition. One injuring another while driving an automobile when in such condition commits a misdemeanor. Sec. 85.81 (3), Stats.

The petition further alleges that trial was had to the court without a jury; that at the close of the evidence the trial judge specifically found and determined that the defendant was guilty of manslaughter in the first degree; but that the trial judge wrongfully failed to impose the penalty prescribed by statute for such offense, which is imprisonment in the penitentiary for "not more than ten nor less than five years," but imposed a sentence of imprisonment in the house of correction of Milwaukee county for not less than one year nor more than two years, as for conviction of manslaughter in the fourth degree, which under our practice is included in and properly charged under manslaughter in the first degree, and the extreme penalty for which is "imprisonment in the state's prison not more than two years nor less than one year." Imprisonment in the house of correction of Milwaukee county instead of the state's prison is by sec. 56.18 (1), Stats., authorized in cases in which the penalty that may be imposed does not exceed five years.

The prayer of the petition in effect is that this court vacate the sentence imposed and order the trial judge to resentence the defendant to imprisonment in the state's prison upon his conviction of manslaughter in the first degree.

Upon the allegations of the petition and the accompanying portions of the record we are of opinion that the district attorney is correct in his contention that the court found the defendant guilty of manslaughter in the first degree. It also appears that the court also found the defendant guilty of manslaughter in the fourth degree, and was of opinion that he might refrain from sentencing the defendant on the higher charge and only sentence him on the lower. The situation was, as the record before us discloses it, as if a jury had returned two verdicts, one of guilty of manslaughter in the first degree and another of guilty of manslaughter in the fourth degree, and the court had received both verdicts and imposed a sentence for the lesser offense only. Had the jury returned such verdicts it is plain that they would have been inconsistent. The statute under which the court assumed to act in finding the defendant guilty of manslaughter in the fourth degree is sec. 340.26, Stats., which follows sections of ch. 340 that define all degrees of homicide from murder down to and including one of manslaughter in the fourth degree, and declares "every other killing of a human being by the act, procurement or gross negligence of another, where such killing is not justifiable or excusable, *or is not declared in this chapter murder or manslaughter of some other degree,* shall be deemed manslaughter in the fourth degree."

It appears from statements made by the trial judge before imposing sentence upon the defendant that he was satisfied that the defendant "had overindulged at the time in intoxicating liquor and that that was the cause of his loss of control of the car," and thus of the death of Mr. Schuette. This statement also contains the following: "It is my find-

ing therefore that the different elements constituting the charge of manslaughter in the first degree are proved beyond a reasonable doubt." The basis of this finding is stated to be "that the defendant was guilty of negligence by indulging in intoxicating liquor and driving his car under that condition through the city; that he was guilty therefore of a misdemeanor" under sec. 85.81 (3), Stats., above cited; and "that his manner of driving under the condition he was in and the recklessness with which he proceeded . . . was of such a sort as to endanger life . . . and to sustain a finding of implied malice such as to constitute murder under the common law." The statement also contains the following: "I am therefore constrained to find under the evidence in this case that the defendant is guilty of manslaughter in the first degree, but it is my judgment that notwithstanding that I should not sentence the defendant under that charge at this time, but reduce it to manslaughter in the fourth degree, which involves the matter merely of gross negligence." The court then, after finding that the defendant's driving while intoxicated and as he did constituted "gross negligence," stated, "I am therefore finding the defendant guilty of manslaughter in the fourth degree."

In making this latter finding the trial judge failed to notice that the fourth-degree-manslaughter statute above quoted which he relied on does not apply if the acts involved constitute homicide under some other statute. As the acts of the defendant as found by the court constituted manslaughter in the first degree, as the court expressly found, the fourth-degree statute did not apply, and the finding of guilty under that statute was manifestly incorrect.

While it appears from the above that the trial judge should not have found the defendant guilty of manslaughter in the fourth degree or sentenced him upon such charge, but should have sentenced him upon the charge of manslaughter in the first degree of which he had expressly found him

guilty, it does not follow that this court has jurisdiction to do anything about it upon application of the state. The law is quite the contrary. This court has no power over sentences imposed by lower courts in criminal cases unless the sentences are brought before it for review by the defendant by appeal or writ of error, or by *habeas corpus* in case of void sentences. On writ of error this court may reverse the judgment and order such further proceedings as are deemed ·proper. On *habeas corpus* its power is limited to vacating the judgment.

The state cannot appeal, nor can it prosecute a writ of error from a final judgment in a criminal case after jeopardy has attached, unless the defendant has first prosecuted a writ of error. Sec. 358.12 (3) and (6), Stats. The defendant has prosecuted no writ of error in the instant case. The petition is in effect for permission to bring a *mandamus* action. Such action does not lie to correct errors. The rule governing the court in granting writs of *mandamus* on application of the state in criminal cases is sufficiently covered in *State ex rel. McGovern v. Williams,* 136 Wis. 1, 116 N. W. 225, and *State ex rel. Umbreit v. Helms,* 136 Wis. 432, 118 N. W. 158. In the former the circuit court quashed an indictment upon motion of the defendant therefor on the ground that the grand jury that returned it was illegal. In *mandamus* brought on relation of the district attorney to compel the circuit judge to reinstate the case, the court issued a peremptory writ so ordering. The motion to quash was made before a jury was impaneled for trial. Under the constitutional provision, sec. 8, art. I, that "no person for the same offense shall be put twice in jeopardy of punishment," jeopardy does not arise until a jury is impaneled. Thus in the *Williams Case* jeopardy had not·attached and this court under its superintending control might properly and did compel reinstatement of the case. In the *Helms Case* the circuit court, on appeal of a case from a justice

court, dismissed the complaint on motion of the defendant on the ground that the complaint did not state an offense. The district attorney brought *mandamus* to compel the circuit judge to reinstate the case and proceed to trial. The court denied the petition on the ground that the case showed no exigency sufficient to cause the court to exercise superintending control. It is urged in behalf of the defendant that the court should refuse to take jurisdiction on this ground in this case. We need not and therefore do not determine whether such exigency is here shown, for this court has no power to correct by *mandamus* errors occurring in the trial however unprecedented and plainly erroneous they may be. Errors can be corrected only on appeal by the defendant from the judgment or when he prosecutes a writ of error therefrom. *Mandamus* lies in behalf of the state only to keep the trial court within its jurisdiction and to compel it to act when it refuses to do so. If the trial court acts within its jurisdiction in imposing a sentence no matter how erroneous its act may be, its determination cannot be reviewed by this court by a proceeding in *mandamus*. The law applicable to *mandamus* actions in criminal cases is fully discussed in the two opinions next above cited. In the *Helms Case* four opinions were filed. While the opinions in these cases do not expressly say that the court is without jurisdiction by *mandamus* to interfere with the final disposition of a case made after jeopardy has attached, that it has not such jurisdiction is plainly implied from the fact that the bringing of *mandamus* is permissible because, and therefore only when, jeopardy has not attached. It goes without saying that if jeopardy has attached and a dismissal is entered or a sentence imposed and the action thereby brought to determination the defendant cannot again be put in jeopardy by any action taken by the state. If the defendant appeals or prosecutes a writ of error from a sentence imposed against him he waives jeopardy, and if the judgment be declared errone-

ous such further proceedings against him may be taken as are appropriate. But the state cannot by its own action subject him to further proceedings without violating the jeopardy provision of the constitution. Manifestly the instant defendant was in jeopardy when the court adjudged him guilty and imposed a sentence upon him.

Counsel for the state argue that the sentence imposed by the trial court is void and not merely erroneous, that if void the case is as if no sentence had been imposed and this court may direct a sentence to be imposed as counsel assume it may do after conviction by court or jury in absence of any sentence whatever. We need not pursue this point as we consider the sentence imposed not void, but merely erroneous. The situation is in principle like that involved in *In re Carlson*, 176 Wis. 538, 186 N. W. 722. Carlson pleaded guilty to an information charging criminal homicide, was adjudged guilty of murder in the first degree, and sentenced to imprisonment for life. The information properly construed did not charge murder in the first degree, but only manslaughter. The defendant by *habeas corpus* sought release on the ground that the court was without jurisdiction to adjudge him guilty of murder and sentence him as so guilty. The court rejected the contention of the defendant, and held that the sentence, although beyond the penalty imposed for manslaughter, was merely erroneous. It held that as the information charged the commission of an offense and the court had jurisdiction of the person of the defendant it thus had jurisdiction of both subject matter and the person and jurisdiction to proceed to sentence. (Page 550.) We recently said in *Larson v. State ex rel. Bennett*, 221 Wis. 188, 194, 266 N. W. 170:

"For many years this court has consistently held that erroneous judgments are not void and that imprisonments pursuant to them are not illegal in that sense which entitles one imprisoned thereunder to be discharged on a writ of

*habeas corpus,* if the court in fact had jurisdiction of the person and the subject matter of the action."

This case overruled an earlier case, *In re Pierce,* 44 Wis. 411, in which Chief Justice RYAN dissented, and adopted the view of the dissent. It is said in the dissent (p. 454) :

"Erroneous judgment does not oust jurisdiction. As already seen, jurisdiction of the person and of the subject matter equally supports a judgment, whether it be erroneous or not, if it be a judgment which the court could render on any state of fact. . . . If the subject matter of a judicial proceeding be within the jurisdiction of a court entertaining it, and the parties to it be brought or come into the court for judgment, freedom from error is not essential to the validity of the judgment. If the judgment be such as the court had authority to render in the proceeding, in any case, jurisdiction of the cause and parties imports the justice of the judgment while it stands unreversed."

If the imposition of a sentence in excess of that authorized by statute be merely erroneous and not void, as held in the *Carlson Case, supra,* upon like reason one imposed that is less than that prescribed by statute is also merely erroneous. Thus the court, after finding the defendant guilty of manslaughter in the first degree, in sentencing the defendant as for manslaughter in the fourth degree merely committed error in imposing the sentence fixed for manslaughter in the fourth degree, just as in the *Carlson Case* the court merely committed error in imposing the penalty prescribed for murder instead of that prescribed for manslaughter. The rule that a sentence in excess of that prescribed for the offense of which one is convicted is not void but merely erroneous is followed in the recent case of *Luitze v. State,* 204 Wis. 78, 234 N. W. 382.

*By the Court.*—The application to bring an original action is denied, and the petition of the relator is dismissed.