## Application of JOHN O. STORY.

No. A-10544.   Feb. 14, 1945.

(156 P. 2d 154.)

John O. Story, in pro. per.

Randell S. Cobb, Atty. Gen., for respondent.

BAREFOOT, P. J.   The petitioner, John O. Story, was convicted in Bryan county for the murder of his wife, and was sentenced to serve a life term in the penitentiary. From such judgment and sentence he appealed to this court, and on December 17, 1941, the judgment and sentence was affirmed. Story v. State, 73 Okla. Cr. 273, 120 P. 2d 387. A full statement of the facts in connection with his case may be found in that case.

On October 7, 1942, petitioner, who was at that time confined in the State Penitentiary, filed in this court a petition for writ of habeas corpus, and on December 12, 1942 (75 Okla. Cr. 367, 131 P. 2d 773), such petition was denied. On July 6, 1944, he filed this application, which he denominates an "application for writ of mandamus." To this application, petitioner has attached affidavits, letters and statements from various parties, and in his petition has reviewed the testimony taken at the trial of his case, all of which was passed upon in the appeal to this court.

To his application for mandamus, the Attorney General has filed a demurrer.

It is clear that we cannot, on a petition for mandamus, petition for "review," or by habeas corpus, assume jurisdiction to again review the merits of this case. This can only be done upon appeal. The court will only give relief when the judgment and sentence was void, or the court was without jurisdiction to render the judgment and sentence. Ex parte Wright, 78 Okla. Cr. 157, 145 P. 2d 772; Ex parte Frazier, 78 Okla. Cr. 230, 146 P. 2d 849; Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785; Ex parte Davis, 78 Okla. Cr. 444, 150 P. 2d 367; In re Maynard, 79 Okla. Cr. 215, 153 P. 2d 5050.

This petitioner is now confined in the State Penitentiary. We have been careful to guard every right which he had under the Constitution and laws of this state. As stated in many decisions, the power of clemency is vested in the Governor of this state. Barrett v. State, 75 Okla. Cr. 414, 132 P. 2d 657.

With the present law pertaining to the Pardon and Parole Board, opportunity is afforded petitioner for a review of his case, and for such action as the board deems

advisable, under the facts and circumstances. There is nothing in the application that would justify this court, under the law, in granting an application for writ of mandamus, or other relief.

The application for writ of mandamus is therefore denied.

JONES, J., concurs. DOYLE, J., not participating.