**STORY v. BURFORD, Warden.**

No. 3963.

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1949.

Writ of Certiorari Denied Feb. 6, 1950.

See 70 S.Ct. 482.

John O. Story, pro se.

Mac Q. Williamson, Attorney General of Oklahoma and Owen J. Watts, Assistant Attorney General on the brief for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

Petitioner was tried, convicted and sentenced to life imprisonment in the District Court of Bryan County, Oklahoma, for the murder of his wife. The conviction was affirmed on appeal. Story v. State, 73 Okl.Cr. 273, 120 P.2d 387. Four pleadings filed by petitioner after he entered the State Penitentiary were treated as petitions for a writ of habeas corpus and ultimately passed on and denied by the Oklahoma Criminal Court of Appeals. Ex parte Story, 75 Okl.Cr. 367, 131 P.2d 773; Application of Story, 80 Okl.Cr. 11, 156 P.2d 154; Ex parte Story, 83 Okl.Cr. 426, 178 P.2d 112; Ex parte Story, Okl.Cr.App., 184 P.2d 983. Petition to review the last decision of the Criminal Court of Appeals was denied by the Supreme Court of the United States. Story v. Oklahoma, 332 U.S. 839, 68 S.Ct. 212, 92 L.Ed. 411.

Having exhausted his state remedy, petitioner filed this petition for a writ in the United States District Court, Eastern District of Oklahoma, invoking the Due Process Clause of the Constitution, Amend. 14. The forty-three page petition, obviously prepared pro se, is replete with repetition, argument, deductions and conclusions, but fairly construed, it may be said to allege two constitutional infringements: First, that the judgment and sentence is based upon perjured testimony; and, second, that petitioner was denied assistance of counsel.

The vice which vitiates the judgment of a court is the knowing, wilful and intentional use of perjured testimony to secure a conviction. Wagner v. Hunter, 10 Cir., 161 F.2d 601; Cobb v. Hunter, 10 Cir., 167 F.2d 888. Petitioner expressly testified that he did not have any evidence showing that the County Attorney or the presiding Judge knew that the witnesses were perjuring themselves.

Petitioner was represented in the State court proceedings by two attorneys, one a former judge and the other a former county attorney. This counsel was employed by his wife, and at the time of their employ-

ment petitioner stated they were "satisfactory with him".

 The trial court's finding that petitioner was accorded due process in the State court proceedings is amply supported by the evidence, and his order denying the writ is affirmed.

Affirmed.