## STATE ex rel. BOATMAN v. PAYNE, Judge.

No. A-11927. May 20, 1953.

(257 P. 2d 842.)

Edgar R. Boatman, County Atty., Okmulgee County, Okmulgee, and Mac Q. Williamson, Atty Gen., for petitioner.

Tom Payne, Sr., Judge of Superior Court, Henryetta, pro se.

C. B. Steele, Okmulgee, for respondent.

BRETT, J. This is an original action by petition for a writ of mandamus brought by Edgar R. Boatman, county attorney of Okmulgee county, Oklahoma, against Tom Payne, Sr., judge of the superior court of the aforesaid county and state. In said petition it was alleged that on December 7, 1948, one Donald Landsberry, in case No. 2908 in the superior court of the aforesaid county, was convicted of grand larceny and sentenced to serve 5 years in the penitentiary, and for good cause said sentence was suspended under the provisions of Title 22, § 991, O.S. 1941. It is further alleged in the petition that said Landsberry thereafter entered a plea of guilty to the offense of driving while drunk on October 15, 1951, and on said plea of guilty was adjudged to pay a fine of $100. Thereafter, Landsberry was again arrested on February 7, 1953, and on February 26, 1953, was charged in the aforesaid county with drunk driving, which case, the record discloses was dismissed for insufficiency of evidence. The record further discloses that on February 16, 1953, application for revocation of the suspended sentence imposed in 1948 was filed in the aforesaid county on the ground that by reason of said facts the defendant had breached his contract with the court, and said suspension of sentence should be revoked. On March 3, 1953, a second motion to revoke the suspended sentence was interposed, and on April 16, 1953, the said Tom Payne overruled both of said motions for revocation under the provisions of Title 22, § 992, O.S. 1951, and refused to commit the said Landsberry to the penitentiary. By reason of the said allegations the county attorney prayed an alternative writ of mandamus be entered ordering the said Judge Payne to show cause why he should not be ordered by peremptory writ to revoke the said suspended sentence and commit the said Landsberry under the original conviction, judgment and sentence.

The alternative writ was entered on April 27, 1953, setting the said matter in this court for hearing on May 6, 1953, directing the said Judge Payne to show cause why this court should not enter its peremptory writ predicated upon the premises as alleged in the petition.

To the aforesaid application the said judge responded, first, by demurrer on the ground that the petition failed to state facts sufficient to warrant the granting of the relief prayed; secondly, said Judge Payne responded to the effect that his investigation into the first drunk driving conviction revealed that the said conviction was predicated upon a plea of guilty entered by the said Landsberry without the aid of counsel on the representation being made and the belief that it would be cheaper than hiring a lawyer through whom to interpose a defense. The trial court alleged he was at a loss to understand on the facts as presented to him why such a plea was made. It was further discovered that on the drunk driving conviction Landsberry's driver's license was never revoked; said respondent alleged that one year and nine months had elapsed from the date of such drunk driving charge in 1948, without request being made to the Safety Commissioner for revocation of Landsberry's driver's license.

The trial court further alleged that his investigation disclosed that Landsberry had been gainfully employed by Mr. Ernest Wells, the owner and operator of the Star Coal Company and against whose property the first crime was committed. The trial court's investigation disclosed that Landsberry had been gainfully employed by Mr. Wells since December 7, 1948. Moreover, the said Judge Payne alleges that Landsberry supported his aged mother who was afflicted with a serious heart ailment, and in addition thereto said Landsberry was the father of a 12 year old daughter who was entirely dependent upon him for support. Respondent further alleges that Landsberry was a paratrooper in World War II,

and "was shot up" in the Normandy invasion when his plane was shot down, and that Landsberry sustained crippling wounds in gallant action. The trial court further alleges that his investigation disclosed no damage resulted either to person or property from said alleged drunk driving. The respondent states that the case was called for April 9, 1953, a jury empaneled and Don Stormont, deputy sheriff, called as a witness, after whose testimony the county attorney moved to dismiss the charges filed on February 26, 1953 for the reason of insufficient evidence.

On April 16, predicated upon the trial court's investigation, Judge Payne overruled the state's motion for revocation and continued the suspended sentence in force based upon his finding aforesaid.

The issues being thus made the matter was submitted, and taken under advisement.

Thereafter the aforesaid demurrer was overruled, and the petition denied for a peremptory writ of mandamus.

The law is well settled that writs of mandamus cannot be used to control judicial discretion. In State v. Phelps, 67 Ariz. 215, 193 P. 2d 921, 923, quoting from Ferris Extraordinary Legal Remedies, § 300, page 409:

"The judge can be compelled to act but not controlled. 'If the act sought for be judicial or discretionary in its character, no court, by its writ of mandate, can command what this action shall be, much less can it command how and what the said action shall be after he or it has already fully acted upon the matter, no matter, how erroneously.' * * *

"Errors committed in the exercise of a judicial discretion cannot be reviewed or corrected by mandamus. Collins (Board of Supervisors) v. Krucker, 56 Ariz. 6, 104 P. 2d 176. In Crocker v. Justices of Superior Court, 208 Mass. 162, 94 N.E. 369, 370, 21 Ann. Cas. 1061, it is said: '* * * Proceedings of inferior tribunals within their jurisdiction in the exercise of the power confided in them cannot be revised in this way. It does not lie to correct errors committed in the course of trial, even though there be no remedy by exception or appeal. Selectmen of Gardner v. Templeton St. R. Co., 184 Mass. 294, 297, 68 N.E. 340; Finlay v. (City of) Boston, 196 Mass. 267, 270, 82 N.E. 5; McCarthy v. Street Com'rs, 188 Mass. 338, 74 N.E. 659; In re Key, 189 U.S. 84, 23 S. Ct. 624, 47 L. Ed. 720. * * * ' "

In Hurst v. Pitman, 90 Okla. Cr. 329, 213 P. 2d 877, 880, this court said:

"The Constitution of Oklahoma, Article 7, Section 2, provides that the appellate jurisdiction of the Supreme Court shall extend to all civil cases and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in all criminal cases shall be established by law.

"Under this authority granted by the Constitution, the first Legislature after statehood created the Criminal Court of Appeals as it exists today. Tit. 20 O.S. 1941 §§ 31-48. In said Legislative act, the Criminal Court of Appeals was given exclusive appellate jurisdiction in all criminal cases appealed from the District, Superior, and County Courts, and all other courts of record that may be established by law. Tit. 20 O.S. 1941 § 40. It was further provided that said court may issue such writs as may be necessary to exercise its jurisdiction. Tit. 20 O.S. 1941 § 41."

In State ex rel. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736, 741, quoted with approval in Hurst v. Pitman, supra, this court said:

"Upon a careful consideration of the law, we are of opinion that this court has the jurisdiction and power to issue the writ of mandamus where the same is a proper proceeding in a criminal case."

Thereafter this court set forth in lucid logic a learned dissertation upon which its conclusion was predicated. In reaching its conclusion, it quoted from Ex parte Bradley, 7 Wall. 364, 365, 19 L. Ed. 214:

"* * * We agree that this writ does not lie to control the judicial discretion of the judge or court; and hence, where the act complained of rested in the exercise of this discretion, the remedy fails. But this discretion is not unlimited, for, if it be exercised with manifest injustice, the Court of King's Bench will command its due exercise. It must be a sound discretion and according to law. As said by Chief Justice Taney, in Ex parte Secombe (19 How. 9, 13, 15 L. Ed. 565): 'The power, however, is not an arbitrary and despotic one, to be exercised at the pleasure of the court, or from passion, prejudice, or personal hostility.' And by Chief Justice Marshall, in Ex parte Burr (9 Wheat. 529, 530, 6 L. Ed. 152): 'The court is not inclined to interpose unless it were in a case where the conduct of Circuit or District Court was irregular, or was flagrantly improper.' "

In the case of People ex rel. Barrett v. Bacon, 18 Mich. 247, the court said:

"Where a mandamus issues to direct the action of a legal tribunal, proceeding in the course of justice, it is an exercise of supervisory judicial control, and is in the nature of appellate action. In other cases, it is generally, if not always, an exercise of original jurisdiction."

We are in accord with the foregoing principles. See, also, State ex rel. McDaniel v. Turner, 84 Okla. Cr. 247, 181 P. 2d 296. Ordinarily, relief by mandamus in criminal cases is sought by the defendant to obtain relief where the trial court either refuses to act within its jurisdiction or acts beyond its jurisdiction to the serious prejudice of the citizen, but, even the state may have resort to mandamus in criminal cases, as was said in State ex rel. Steffes v. Risjord, 228 Wis. 535, 280 N.W. 680, 683:

"Mandamus lies in behalf of the state only to keep the trial court within its jurisdiction and to compel it to act when it refuses to do so. If the trial court acts within its jurisdiction to imposing a sentence no matter how erroneous its act may be, its determination cannot be reviewed by this court by a proceeding in mandamus."

Such is the situation herein. The matter of revocation of a sentence is one clearly within the jurisdiction of the trial court, Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162; Ex parte Faulkenberry, 95 Okla. Cr. 259, 244 P. 2d 324, and which cannot be controlled by mandamus, except in a case where the trial court sought to exercise the power of suspension or revocation contrary to positive provisions of statutes, or was attempting to act beyond its jurisdiction. The rule applicable herein is stated in 55 C.J.S., Mandamus, § 115f, page 193:

"Where a sentence imposed does not comply with the statutes, mandamus lies to direct the trial judge to impose a proper sentence; but mandamus does not lie to compel the rendition of a particular judgment, and, where the trial court acts within its jurisdiction, mandamus will not be issued to control its discretion with respect to fixing the punishment of offenders by fine or imprisonment."

State v. Valdez, 48 Ariz. 145, 59 P. 2d 328; State v. Cole, supra; State v. Smith, 83 Okla. Cr. 188, 174 P. 2d 932. It is clearly apparent that the trial court had jurisdiction herein to refuse the application for revocation of the suspended sentence herein involved, and relief against the court's action would not lie through the writ of mandamus.

Furthermore, the trial judge's action in refusing revocation does not constitute an appealable order. In Lamb v. State, 91 Okla. Cr. 410, 219 P. 2d 256, 257, based on cases cited therein, we said:

"The only method or procedure provided for taking an appeal to the Criminal Court of Appeals is that provided under Title 22 O.S.A. 1941 § 1051, by which

litigants and this court are bound, it reads as follows, to wit: 'An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed.'

"This section has been construed to permit appeals only from the judgment itself rendered against a defendant, and not from intermediate or ancillary orders."

See cases cited in Lamb v. State, supra. Herein by no stretch of the imagination can the order refusing revocation be considered a final order. For instead of it being a final order, it was an order continuing the trial court's jurisdiction over Landsberry. It is apparent that what is sought to be accomplished in this mandamus action cannot be accomplished by direct appeal from the order refusing revocation of the suspended sentence. It has been repeatedly held, that errors committed in the exercise of judicial discretion cannot be reviewed or corrected by mandamus, even though there is no remedy by appeal. 55 C.J.S., Mandamus, § 22, Note 96, page 51, numerous citation, including Application of Story, 80 Okla. Cr. 11, 156 P. 2d 154. See also State v. Phelps, supra. For all the above and foregoing reasons the writ of mandamus is accordingly denied.

POWELL, P. J., and JONES, J., concur.