William PECK, Petitioner,

v.

Sam FRY, Court Clerk of Tulsa County, State of Oklahoma, and The Honorable James Goeppinger, Judge of the Court of Common Pleas, Tulsa County, State of Oklahoma, Respondents.

No. A-13000.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1961.

Gordon L. Patten, Tulsa, for petitioner.

Robert D. Simms, County Atty., Tulsa, for respondents.

BUSSEY, Judge.

The petitioner, William Peck, is incarcerated in the Tulsa County jail on a charge of Grand Larceny after Former Conviction of a Felony in lieu of posting bond in the sum of $10,000 in the Court of Common Pleas, Tulsa County, Oklahoma. A surety bond with power thereto attached executed by John Lee "Pete" King as agent for the United Benefit Fire Insurance Company, a foreign corporation of the State of Nebraska, was presented to Sam Fry, Court Clerk, Tulsa County, Oklahoma, who refused to approve the bond under the advice of the county attorney and for the further reason that John Lee "Pete" King was individual surety on bonds totalling $9,000 which bonds had been forfeited. Thereafter, the bond was presented to the Honorable James Goeppinger, Judge of the Court of Common Pleas, Tulsa County, Oklahoma, respondent herein, who refused to approve it. Judge Goeppinger states that "on the 9th day of January, 1961, the said Pete King represented to him, the Honorable James Goeppinger, that he, Pete King, wished respondent to disapprove the bond, for the reason that he, Pete King, did not wish to become a surety and bondsman for petitioner, William Peck." John Lee "Pete" King denies that such conversation took place.

It is not denied that the United Benefit Fire Insurance Company has complied with the provisions of Title 18, Sections 481 et seq. of the Oklahoma Statutes, which require that a foreign corporation doing business in the State of Oklahoma shall have paid in capital $500,000 and shall have deposited the same sums required of domestic corporations with the State Treasurer of Oklahoma and that the State Insurance Commissioner has issued the authority in writing to do business in the State of Oklahoma to this company.

The writ applied for in the case at bar presents two distinct questions of law: (1) May the Court of Criminal Appeals command a court clerk, of a court of record, to approve and file an appearance bond in a criminal case? (2) May the Court of Criminal Appeals, in the exercise of its appellate authority, direct the judge of an inferior court to approve an appearance bond in a criminal case?

Title 12 section 1451 of the Oklahoma Statutes (1951) provides that:

> "The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge thereof, during term, or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

In the case of Moore v. Taylor, 1923, 24 Okl.Cr. 80, 215 P. 965, the factual situation was almost identical to the case at bar, and it was stated there that this court lacked authority to issue a mandamus directing a court clerk to approve a bond in a criminal case. This decision is based upon the sound reasoning that a court clerk is an executive officer and the writ

of mandamus would be in the exercise of original jurisdiction and would not be in the exercise, or in aid. of, our appellate jurisdiction. in criminal cases. It therefore follows that the Court of Criminal Appeals is without authority to issue a writ of mandamus directed to a court clerk of a court of record commanding him to approve and file an appearance bond in a criminal case.

In considering the second proposition; it has been stated that the Court of Criminal Appeals has jurisdiction and power to issue a writ of mandamus directed to an inferior court in the exercise or in aid of its appellate authority, where the same is a proper proceeding in a criminal case. Moore **v.** Taylor, 1923, 24 Okl.Cr. 80, 215 P. 965.

■ The evidence as to the reason why the trial court refused to approve the bond is disputed. This court will assume that if the trial judge understood correctly the statements of John Lee "Pete" King that he "did not wish to become a surety and bondsman for William Peck," that his refusal to approve the bond was made solely upon that basis. Where it does not affirmatively appear that the trial courts refusal of a sufficient bond was arbitrary and capricious but was disapproved at the request of the agent of the bondsman, mandamus will not issue.

■ It is assumed that every trial judge will act reasonably but where a bond with sufficient surety is presented to the trial court for approval and he arbitrarily and capriciously refuses to approve the same, the Court of Criminal Appeals, as proper exercise of its appellate jurisdiction will issue a writ of mandamus directing the approval of the bond.

■ The petitioner, William Peck, has a constitutional right to be released upon bond, and if a bond with good and sufficient surety, as the one in the instant case, is presented in good faith, the trial court should approve it.

For the reasons stated herein the writ is denied.

NIX, P. J., and BRETT, J., concur.