Ida Mae BOURBONNAIS, Petitioner,

v.

Dwain BOX, Judge of the Court of Common Pleas of Oklahoma County, Oklahoma, Respondent.

No. A–13182.

Court of Criminal Appeals of Oklahoma.

April 19, 1962.

Thomas A. Bamberger, Oklahoma City, for petitioner.

James H. Harrod, County Atty. of Oklahoma County, and John M. Amick, Asst. County Atty., for respondent.

**BUSSEY, Judge.**

On the 16th day of January, 1962, petitioner Ida Mae Bourbonnais filed in this court a petition seeking a writ of mandamus directing the Honorable Dwain Box, Judge of the Court of Common Pleas of Oklahoma County, to grant the petitioner a separate trial from her co-defendant, Geneva Anderson, in case No. 28229, in said court, wherein the petitioner and her co-defendant are charged with the offense of Petit Larceny.

An order to show cause was issued for the respondent Judge Box to show cause why the writ prayed for should not be granted.

On January 18, 1962, the respondent filed a Demurrer and Motion to Dismiss these proceedings.

Oral argument was presented to this court on the 18th day of January, and this court denied the petition and sustained the respondent's Demurrer and Motion to Dismiss.

The question presented to the court on the hearing is neither new or novel. Succinctly stated, it raises the question of whether this tribunal may direct a court of competent jurisdiction to grant a severance in a misdemeanor case.

■ Title 22 Okl.St.Ann. § 838 provides:

"When two or more defendants are jointly prosecuted for a felony, any defendant requiring it must be tried separately. In other cases defendants jointly prosecuted may be tried separately or jointly, in the discretion of the court."

It thus appears that the granting or denial of a severance in a misdemeanor trial rests within the sound discretion of the trial court.

■ This court has repeatedly held that a discretionary ruling of the trial court will not be disturbed unless it can be clearly shown that the trial court's ruling was arbitrary or capricious.

■ Furthermore, we are in accord with the rules of law adopted by this court in State ex rel. Boatman v. Payne, 97 Okl. Cr. 48, 257 P.2d 842, which are as follows:

1. "* * * this writ (mandamus) does not lie to control the judicial discretion of the judge or court; and hence, where the act complained of rested in the exercise of this discretion, the remedy fails."

2. Errors committed in the exercise of a judicial discretion cannot be reviewed or corrected by mandamus.

Therefore, we do not believe that this question is properly before us at this time but is reviewable on an appeal from a final judgment and sentence rendered against the accused as provided under Title 22 Okl.St. Ann. § 1051, which reads as follows:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

For the reasons above set forth, the petition for Writ of Mandamus is denied and the action dismissed.

NIX, P. J., and BRETT, J., concur.