**STATE of Oklahoma ex rel. John CLIFTON, District Attorney, Pottawatomie County, Petitioner,**

v.

**DISTRICT COURT OF POTTAWATOMIE COUNTY, and George Van Wagner, Special Judge, Respondents.**

No. A–16707.

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1971.

John Clifton, Dist. Atty., James Sill, Asst. Atty. Gen., for petitioner in error.

Truman B. Simpson, Shawnee, for respondents in error.

BRETT, Judge.

This is an original proceeding for a writ of mandamus by the Petitioner as District Attorney for Pottawatomie County to direct the Respondent District Court for Pottawatomie County to order Jerry Ray Smith to stand trial on a charge of robbery with firearms or that said cause be set for preliminary examination.

It appears that Jerry Ray Smith was charged in the District Court of Pottawatomie County, Case No. CRF–70–190, with robbery by firearms. Said cause came on for preliminary examination on April 6, 1971, where, after hearing the evidence against Smith, the examining magistrate sustained the demurrer and dismissed the charge against Smith. The State, through the District Attorney, claims the evidence was sufficient to hold Smith for trial, and by this action in mandamus seeks to over-

rule the examining magistrate's decision. The State did not seek to refile the prosecution against Smith in the District Court; nor did they take an appeal. The Respondent, by its able court appointed counsel, contends mandamus does not lie.

The Court of Criminal Appeals is vested with the power to issue writs of mandamus. Oklahoma Constitution, Article VII, § 4. Title 12 O.S.1961, § 1451, provides that mandamus may be issued to any inferior tribunal to compel the performance of any act required by law, "but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion."

This subject was thoroughly discussed in State ex rel. Boatman v. Payne, 97 Okl.Cr. 48, 257 P.2d 842 (1953), in which the prosecutor sought mandamus from this Court to direct a trial court to revoke a suspended sentence where the trial court had decided against revocation after a court hearing on the prosecution's application. The Court's syllabus in relevant part held:

"1. The writ of mandamus cannot be used to control judicial discretion.

"2. Mandamus lies in behalf of the state only to keep the trial court within its jurisdiction and to compel it to act when it refuses to do so. If the trial court acts within its jurisdiction in imposing a sentence no matter how erroneous its act may be, its determination cannot be reviewed by this court by a proceeding in mandamus.

"3. Where a sentence imposed does not comply with the statutes, mandamus lies to direct the trial judge to impose a proper sentence, but mandamus does not lie to compel the rendition of a particular judgment but where the trial court acts within its jurisdiction, mandamus will not be used to control its discretion with respect to fixing punishment of offense by fine or imprisonment.

"5. The exercise of judicial discretion cannot be reviewed or corrected by man-

damus, even though there is no remedy by appeal. 257 P.2d at 844."

Under the facts in the case at bar it is clear the prosecutor seeks to control the judicial discretion of the Respondent Court and judge by reversing Respondents' holding which was based on the evidence presented. The State is not seeking to compel the Respondent Court to act or perform its judicial function, but rather seeks to compel a specific decision. Under such facts mandamus will not lie to compel the rendition of a particular judgment.

Although under the rule of State ex rel. Boatman v. Payne, supra, mandamus will not lie to review judicial discretion even though there is no remedy by appeal, we are of the opinion that Petitioner had other remedies available to him by refiling under the guidelines of Jones v. State, Okl.Cr., 481 P.2d 169 (1971), or through appeal 22 O.S.1961, § 1053. See Harper v. District Court, Okl.Cr., 484 P.2d 891 (1971).

Writ Denied.

BUSSEY, P. J., concurs.