STATE of Oklahoma ex rel. S. M. FALLIS, Jr., District Attorney, Tulsa, Oklahoma, Petitioner,

v.

Robert E. CALDWELL, Special Judge of the District Court of Tulsa County, Oklahoma, Respondent.

No. A–17454.

Court of Criminal Appeals of Oklahoma.

June 1, 1972.

As Corrected June 2, 1972.

As Corrected July 25, 1972.

S. M. Fallis, Jr., Dist. Atty., Roy W. "Bud" Byars, Asst. Dist. Atty., for petitioner.

Paul Garrison, C. B. Savage, Tulsa, for respondent.

## OPINION

SIMMS, Judge:

This is an original proceeding wherein petitioner seeks, either a writ of mandamus or writ of prohibition against the respondent Special District Judge of Tulsa County, or in the alternative, would have this Court pass upon his petition as though he had perfected an appeal upon a Reserved Question of Law.

Factually, the petitioner District Attorney, on April 5, 1972, filed two separate informations against two defendants conjointly, which charges arose out of a search of certain described premises located in Tulsa County, Oklahoma, the search being conducted under the color of a search warrant issued by a Special District Judge of that County.

On April 26, 1972, the date set for preliminary hearing, the defendants, and each of them moved to suppress the evidence obtained by reason of execution of the search warrant. Prior to hearing any evidence, the respondent Magistrate sustained the motion to suppress for the singular reason of insufficiency of the Affidavit for the Search Warrant. After sustaining defendants' motion to suppress, respondent Magistrate then ordered each of the informations dismissed.

Thereafter, on April 28, 1972, petitioner filed an "Application to Reinstate for Prosecution" before respondent, which respondent denied. Petitioner then sought relief in this Court.

Respondent has filed a motion to dismiss the action pending in this Court, for the reasons that neither mandamus nor prohibition will lie under the facts of the case, and because petitioner has not properly perfected an appeal on a reserved question of law.

As the authority of this Court to issue a writ of mandamus under the above stated facts, we held in Bourbonnais v. Box, Judge, Okl.Cr., 371 P.2d 521 (1962):

"Furthermore, we are in accord with the rules of law adopted by this court in

State ex rel. Boatman v. Payne, 97 Okl. Cr. 48, 257 P.2d 842, which are as follows:

1. '* * * this writ (mandamus) does not lie to control the judicial discretion of the judge or court; and hence, where the act complained of rested in the exercise of this discretion, the remedy fails.'

2. Errors committed in the exercise of a judicial discretion cannot be reviewed or corrected by mandamus."

■ The sustaining or overruling of a motion to suppress, where the magistrate has jurisdiction of the subject matter and the person of the defendant, is therefore not subject to the extraordinary writ of mandamus in this proceeding.

Likewise, under the authority of Burns v. District Court of Oklahoma County, Okl.Cr., 335 P.2d 923 (1959), prohibition is not petitioner's proper remedy. Syllabus No. 3 of *Burns,* supra, reads as follows:

"The writ of prohibition may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction."

■ Unquestionably, petitioner has failed to take the required procedural steps necessary to perfect an appeal upon a reserved question of law. Although there is no express statute or court rules specifying the manner and method of appeal by the State on a reserved question of law, this Court has long taken the position that appeals by the State are to be governed by the same statutes and rules applicable to defendants seeking appellate review in this Court. See State v. Newell, Okl.Cr., 52 Okl.Cr. 5, 2 P.2d 280 (1931).

Therefore, by reason of decisions which antedate Nicodemus v. District Court, Okl.Cr., 473 P.2d 312 (1970); Jones v. State, Okl.Cr., 481 P.2d 169 (1971); and Harper v. District Court of Oklahoma County, Okl.Cr., 484 P.2d 891 (1971), petitioner would be improperly before this Court. There was no prohibition against the District Attorney refiling the charge before another magistrate and seeking a ruling which was more favorable to the State. However, because of *Nicodemus* and its progeny, the ruling of a magistrate effectively dismissing an information at preliminary hearing had the net result of a final order, not reviewable by any other court, nor does the State any longer have the legal option of refiling the information before the same or another magistrate, unless the District Attorney first fulfills the criteria of newly discovered evidence before refiling a new information following an order of dismissal.

■ In dealing with the effect and aftermath of *Nicodemus, Jones,* and *Harper,* supra, we must recognize that the defendant who receives an adverse ruling from a magistrate, has the unquestioned right to have the identical issue presented to a District or Associate District Judge, either by motion to quash, or by again asserting, for example, the motion to suppress. The State has neither a procedure, nor a forum, to asset a co-equal right. As a matter of deep public interest and to more nearly achieve a true balance of the scales of criminal justice, we are therefore called upon to re-examine this Court's position in *Nicodemus, Jones* and *Harper,* and do hereby adopt the following rule:

Rule 6.

The State of Oklahoma, by and through the District Attorney or Attorney General, shall have the right to appeal an adverse ruling, or order, of a Magistrate sustaining a motion to suppress evidence, quashing an information, sustaining a plea to the jurisdiction or demurrer to that information, or an order discharging a defendant at preliminary examination because of insufficiency of the evidence to establish either that a crime has been committed, or there is probable cause that the accused has committed a felony. Such ap-

peal shall be taken in the following manner:

A. At the time the adverse ruling, or order, is made by the magistrate the State shall, in open court, give notice of intention to appeal said decision; the magistrate shall enter said notice in the proper court docket, continue the preliminary examination retaining the accused on his present bond, or if he be in custody, return the accused to custody.

B. Thereafter, within five (5) days from the magistrate's adverse decision, the State shall file with the court clerk a written "Application to Appeal from Adverse Ruling or Order of Magistrate," and a copy of said application shall immediately be presented, by the State, to the Presiding Administrative Judge, who may assign said application to another District, or Associate District Judge to be docketed for hearing at the earliest possible time; provided, however, that at least three (3) days prior to the date set for said hearing the State shall personally, or by certified mail, serve notice upon the accused, or his attorney of record, the time and place set for hearing on the State's application.

C. In the event the State does not file the application to appeal, herein provided for, the State shall be deemed, to have waived any right to appeal from the magistrate's adverse decision in said cause, and the magistrate's ruling shall be final.

D. The judge hearing the State's application may receive as evidence in support of said application: affidavits for search warrant, search warrants, complete or partial transcripts of preliminary examination, electronic recording tapes, belts or discs, written stipulations of facts, and other evidence.

E. In the event the State's application shall be denied, the magistrate's ruling, or order, shall become a final order;

thereafter, the State shall have the right to appeal from that final order to the Court of Criminal Appeals, in the manner provided for an appeal by the State upon a reserved question of law.

F. In the event the State's application is sustained and the reviewing judge determines the magistrate's adverse ruling, or order, to be an error of law, the judge shall remand said cause to the same magistrate with directions to vacate the erroneous ruling, or order, and for further preliminary examination.

G. This rule shall become effective June 1, 1972, and shall be given prospective application only.

*Nicodemus, Jones* and *Harper,* all supra, are hereby modified in accordance with the above adopted Rule.

BUSSEY, P. J., and BRETT, J., concur.