## Ex parte McCOLLUM.

No. A-11252.   Nov. 9, 1949.

(212 P. 2d 161.)

154

Golden McCollum, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original petition seeking relief both by mandamus and habeas corpus brought by Golden

McCollum, pro se, alleging that he is being unlawfully restrained by C. P. Burford, warden of the State Penitentiary. He alleges that the causes of said restraint are four several and consecutive sentences. First, a 20-year sentence from McIntosh county, Okla., for robbery with firearms which sentence was imposed on December 5, 1929. Second, a 20-year sentence for robbery with firearms from Lincoln county imposed on March 4, 1930. Third, a death sentence commuted to life imprisonment for murder of an inmate committed in the penitentiary, which sentence was imposed on October 10, 1934, and commuted by the Governor on November 30, 1935, to life imprisonment. And, fourth, a second life imprisonment sentence for murder of an inmate committed in the penitentiary, which murder arose out of the transaction resulting in the imposition of the life sentence, hereinbefore referred to. This sentence was imposed upon a plea of guilty on January 18, 1937.

The record discloses that with allowance for lawful credits the petitioner completed service of the first 20-year sentence from McIntosh county on June 15, 1939, and that on said date he was re-committed on the second 20-year sentence from Lincoln county, Okla., service of which he completed on December 25, 1948, and that he was re-committed on the first life imprisonment originally, the death sentence commuted to life imprisonment, service of which he began on the latter date and on which he now stands committed. In other words, the record discloses that the warden of the penitentiary has required petitioner to serve the sentences in the order of their imposition. It further appears that while he is now serving the first life sentence, the warden also holds him for service of his second life sentence imposed on January 18, 1937, service of which he has not commenced and will

not commence until he is discharged by law from the life sentence he is now serving.

The petitioner's contention is that all lesser judgments and sentences imposed on him prior to the imposition of the death sentence commuted to life imprisonment, became immaterial and void as well as the second life sentence, all of which merged in the first life sentence. We presume his theory being that all of the time that could be imposed upon a convict and all that he would ever be able to serve would be a life sentence, hence the merger, and that the warden should have set the lesser sentences aside, and billed him in on the first life sentence, and should not have placed a hold on him for the second life sentence. He further contends that by reason of being required to finish each of the sentences in the order of their imposition he is being unlawfully detained, and deprived of eligibility for making application for parole on the first life sentence, if service thereof had commenced on November 30, 1935, instead of being required to commence after completion of the two lesser sentences of 20 years. By reason of this contention he says the warden should be ordered and directed to correct his records to reflect the merger of the said lesser sentences of 20 years each and the second life sentence into the first life sentence. He alleges that consideration for parole on a life sentence may be had under the rules of the Pardon and Parole Board after service of 14 years thereon, that by reason of the status of the records at the penitentiary, he is deprived of the privilege of making application therefor solely and only by reason of the condition of the penitentiary records as hereinbefore set forth.

The petitioner's contentions are wholly without merit in view of the provisions of Title 21 O.S.A. 1941 § 61, as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

There are numerous cases construing the foregoing statute contrary to the petitioner's contention. The most recent case of Ex parte Edwards, 88 Okla. Cr. 433, 204 P. 2d 547, rendered on March 9, 1949, by the late Judge Barefoot, in syllabi 1 and 3 states the law as follows:

"Where there are two or more convictions and judgments thereon, accused should be incarcerated upon the first conviction under which he is apprehended and delivered for imprisonment for the time therein named, and, at the end of that period of confinement, imprisonment should commence upon the second conviction, and terminate in like manner, and so on for subsequent convictions. 21 O. S. 1941 § 61.

"Expiration of time without imprisonment is not execution of sentence to imprisonment."

See, also, Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478. In Ex parte Smith, 33 Okla. Cr 175, 242 P. 284, 285, this court said:

"Now where there are a series of convictions and judgments thereon, bearing in mind that our statute contemplates that each judgment shall be satisfied separately, and applying such provisions to this case, it would seem logical for the sheriff to confine the accused upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs therein named, in the event the same are not paid; that at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction, and imprisonment for the fine and costs therein, would

begin and terminate in like manner; and so with the third. This conclusion is deduced from and based upon the decisions cited and the provisions of sections 6332, 2782, 2774, and 2303, Comp. Stat. 1921, [28 O. S. 1941 § 101; 22 O. S. 1941 §§ 980, 976; 21 O. S. 1941 § 61].

"Decisions to the contrary in other states, and in this state prior to the passage of the 1913 statute herein referred to, will not control in the face of the policy outlined in the statutes and decisions cited.

"We hold, therefore, that under the conditions here shown the periods of imprisonment do not run concurrently, and that the first judgment must be satisfied in full before the second can be held to begin, and the second, before the third."

Furthermore, it has been uniformly held by this court that where the penalty is imprisonment the sentence may be satisfied only by the suffering of the actual imprisonment imposed. Ex parte Edwards, supra; Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L.R.A., N.S., 625, 139 Am. St. Rep. 967, and numerous other authorities. In face of these principles we can only conclude that the petitioner is now engaged in serving a lawful sentence, the jurisdiction to the imposition of which is not questioned. We have held that where the petition and the facts involved disclose the custody and place of confinement of the petitioner are according to law, the writ of habeas corpus will be denied. Ex parte Hampton, 87 Okla. Cr. 410, 198 P. 2d 751; Ex parte Combs, 87 Okla. Cr. 164, 195 P. 2d 772, 773.

But, conceding the records were erroneous, mandamus would not lie from this court to correct the same. The Criminal Court of Appeals is a court of special jurisdiction and limited in the exercise of its powers exclusively to criminal cases, and it is undoubtedly true that, except in cases where under the law this court has original

jurisdiction, all exercise of power in other cases must be by virtue of its appellate jurisdiction, and the writ of mandamus can be issued only in exercise or in the aid of its appellate authority. Title 20, O.S.A. 1941 §§ 40, 41. A mandamus to an officer as this would be to the warden, is the exercise of original jurisdiction and not in aid of appellate jurisdiction. Moore v. Taylor, 24 Okla. Cr. 80, 215 P. 965; State ex rel. McDaniel v. Turner, 84 Okla. Cr. 247, 181 P. 2d 296. For this reason even if the records at the penitentiary were erroneous, that question not being in aid of the court's appellate jurisdiction, we are powerless to grant the relief prayed for by mandamus.

The petitioner complains further that he was held without trial in the second life imprisonment case for 14 months and 18 days, and was thus denied his constitutional right to a speedy trial, Art. 2, § 20, and he is entitled to relief therefor by habeas corpus. This question cannot be properly raised in this proceeding for the petitioner is not now being held under the second life sentence, but is now in custody under the first life sentence. Nevertheless the contention is without merit. The right to a speedy trial is one that may be waived, and is waived by proceeding to trial without objection. Ex parte Wilkerson, 73 Okla. Cr. 32, 117 P. 2d 172. The defendant's plea of guilty without raising the question of the denial of a speedy trial constituted a valid and binding waiver of the right thereto. The judgment and sentence therein imposed is therefore not void for the reason the trial court had jurisdiction of the subject matter, jurisdiction of the person, jurisdiction under the law to pronounce the judgment and sentence rendered, and inquiry in habeas corpus is limited to these questions. Ex parte Hampton, supra; Ex parte Franks, 88 Okla. Cr. 128, 200 P.

2d 778; Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781; Ex parte Story, 88 Okla. Cr. 358, 203 P. 2d 474; Ex parte Merton, 89 Okla. Cr. 76, 205 P. 2d 340. For all of the foregoing reasons the petition fails to state a cause of action for relief by either mandamus or habeas corpus and the same is therefore dismissed.

JONES, P. J., and POWELL, J., concur.