**Willard Cecil DODD, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Respondents.**

**No. A–14850.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Willard Cecil Dodd, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Willard Cecil Dodd, presently incarcerated in the Oklahoma State Penitentiary, has petitioned this court for a writ of mandamus to direct the prison officials to remove from his records a detainer. Petitioner alleges that he was sentenced to an eighteen month suspended sentence on November 29, 1966, for the crime of embezzlement. On April 17, 1967, Petitioner was sentenced to four years on his plea of guilty to the crime of uttering a forged instrument after former conviction of a felony. In April 1967 Petitioner entered the Oklahoma State Penitentiary and was billed in as serving the four year term rather than the prior eighteen month suspended sentence. Petitioner alleges that this was error on part of the prison officials in that he should have been booked in under the eighteen month sentence since it was the first conviction and that since he has served sufficient time to have fulfilled an eighteen month sentence the detainer for same should be removed from his prison files.

It is settled that sentences should be served consecutively in the order of imposition. Ex parte McCollum, 90 Okl. Cr. 153, 212 P.2d 161. It is also settled that the warden of the penitentiary does not have the discretion of crediting time served by inmates on either of two or more convictions but must credit time on the first conviction sustained by the inmate until the time named in the commitment by the first conviction has been satisfied. Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679.

However, the facts in the instant situation do not warrant the granting of relief to petitioner under the rules of law mentioned above. In the second and third paragraph of the court's syllabus in Ex parte Adams, 93 Okl.Cr. 95, 225 P.2d 385, this court held:

"Where A is convicted of robbery with firearms and after serving a portion

of the sentence imposed is paroled and while on parole is convicted of a subsequent armed robbery committed while out on parole, and is returned to the penitentiary and is booked in on the second sentence rather than the first, held such was proper in that the parole from the first conviction had not at the time been revoked.

"Where a parole that was in existence at the time A is sentenced ·to imprisonment on a second conviction is thereafter revoked, and subsequently after A completes the second sentence A is detained by the warden to complete the unserved portion of the first sentence held that such was proper in that the terms of the two sentences would have to be served separately in each case, regardless of which sentence was first imposed or which sentence was first completed."

 In the instant case Petitioner was transported to the Oklahoma State Penitentiary under the authority of the judgment and sentence rendered on April 17, 1967, sentencing him to four years imprisonment. It was not until October 4, 1967, that the District Court of Oklahoma County entered an order revoking Petitioner's eighteen month suspended sentence. Thus the prison officials were without the authority when receiving Petitioner in April of 1967 to enter him in the penitentiary as serving the eighteen month suspended sentence since the same had not yet been revoked. Nor can it be argued that Petitioner has been serving both the eighteen month sentence and serving time on his four year term of imprisonment.

It is thus apparent that Petitioner is not entitled to a writ of mandamus to direct that the detainer for the eighteen month sentence be removed from his prison records. For the foregoing reasons the writ is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.