Roy MARSH, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–14981.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Original proceeding in which Roy Marsh seeks a writ of mandamus. Writ denied.

Roy Marsh, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

PER CURIAM.

■ This is an original proceeding in which Roy L. Marsh, who is presently confined in the Oklahoma State Penitentiary, has petitioned this court for a writ of mandamus. Petitioner alleges that he was paroled from the penitentiary in August of 1967 and was then returned to the penitentiary in September of 1967 on a new judgment and sentence for a term of two years and was booked in under a new number rather than being booked in as serving the remainder of the revoked parole sentence previously imposed. Petitioner further alleges that this subjected him to great mental strife, denied him certain unspecified civil rights, and that he should be credited for the time he has served on the subsequent sentence as time served on the balance remaining on the prior sentence.

21 O.S.1961, § 61 provides as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

It will be noted from this statute which calls for serving a subsequently imposed conviction after termination of the first term of imprisonment, that the statute is specifically talking about a situation in which a "person is convicted of two or more crimes before sentence has been pronounced upon him for either." Such is not the fact situation in the instant case before this court. It is true that the state penitentiary does not have the discretion of crediting time served by an inmate on either of two or more convictions, but must credit time on the first conviction sustained by an inmate until time named in the commitment for the first conviction has been satisfied. 22 O.S.1961, § 976. Ex parte Grimes, 92 Okl.Cr. 87, 221 P.2d 679.

However, this court held in the second paragraph of its syllabus in Ex parte Adams, 93 Okl.Cr. 95, 225 P.2d 385:

"Where A is convicted of robbery with firearms and after serving a portion of the sentence imposed is paroled and while on parole is convicted of a subsequent armed robbery committed while out on parole, and is returned to the penitentiary and is booked in on the second sentence rather than the first, held such was proper in that the parole from the first conviction had not at the time been revoked."

■ In the instant case the records of the Oklahoma State Penitentiary reflect that Petitioner was received at that institution on March 18, 1965, under judgment and sentence from the District Court of Atoka County, Case No. 2974 and Case No. 2992, sentencing Petitioner to two three year consecutive sentences for the crime of second degree forgery. On August 15, 1967, Petitioner was paroled. He was then returned to the penitentiary on September 13, 1967, on a new two year sentence from Hughes County, Case No. 3371, for second degree burglary. On September 25, 1967, his parole on the prior Atoka County sentence was revoked. On December 20, 1968, Petitioner had satisfied his judgment and sentence on the Hughes County conviction and was rebilled to serve the balance of the Atoka County judgment and sentences as a parole violator.

It is apparent from a review of these records that Petitioner was properly received at the penitentiary on September 13, 1967, under the authority of the judgment and sentence from Hughes County and that it was proper for the penitentiary

officials to book him in as serving this charge rather than serving the previously imposed judgment and sentence from Atoka County since the parole on the Atoka County conviction had not been revoked.

For the foregoing reasons it is apparent that Petitioner is not entitled to relief and that the petition for writ of mandamus is is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the court.