Reuben Lawrence THURMAN, Petitioner,

v.

Park J. ANDERSON, Warden, Oklahoma State Penitentiary, Respondent.

No. A–17596.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

Reuben Lawrence Thurman, pro se.

Larry Derryberry, Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding for habeas corpus in which unlawful confinement is alleged.

Petitioner was convicted in the District Court of Tulsa County, Case No. CRF 69–884, of automobile larceny and sentenced to three (3) years imprisonment. Petitioner was received at the Oklahoma State Penitentiary under this judgment and sentence on January 23, 1970. Petitioner was paroled from said sentence on December 21, 1970. While on parole, Petitioner was convicted in the District Court of Okmulgee County, Case No. CRF 71–60, of sec-

ond degree burglary and sentenced to four and one-half (4½) years imprisonment. Petitioner was received at the penitentiary under this judgment and sentence on April 21, 1972. It was not until June 30, 1972, two months after he was received on the subsequent sentence, that the parole on the prior sentence was revoked. By virtue of this parole revocation, a detainer has been placed on Petitioner's prison records, signifying that Petitioner is to serve the unexpired portion of his prior sentence upon completion of the subsequent sentence.

■ Petitioner contends that this procedure is unlawful, claiming he should have completed the unexpired portion of the prior sentence before he began the subsequent sentence; and that once the first three (3) year sentence began, it automatically expired three (3) years thereafter, since "when a sentence does start there is no way to stop it." We find no merit to Petitioner's arguments.

■■ It is true that terms of imprisonment must be served consecutively in the order of imposition. 21 O.S.1971 § 61. 22 O.S.1971 § 976. Ex parte McCollum, 90 Okl.Cr. 153, 212 P.2d 161 (1949). Marsh v. Page, Okl.Cr., 450 P.2d 846 (1969). Furthermore, where a prisoner, while conditionally released on parole, is sentenced to an additional term for a new offense and, for violation of parole, must complete the unexpired portion of the first term, the unexpired term is served before the prisoner begins serving the new term if the parole is revoked before he begins the new term. 24B C.J.S. Criminal Law § 1996(5).

■ However, where a parolee, convicted of a subsequent offense while on parole, is received at the penitentiary under the judgment and sentence for the subsequent offense, before his parole is revoked, he begins serving the subsequent sentence as that is the only lawful order of commitment at that time. If his parole is thereafter revoked on the prior sentence, he must serve the unexpired portion of the first sentence as a parole violator upon completion of the subsequent sentence which he is then serving. Ex parte Adams, 93 Okl.Cr. 95, 225 P.2d 385 (1950). Dodd v. Page, Okl.Cr., 449 P.2d 897 (1969).

■ Since Petitioner's parole was revoked after he was received at the penitentiary on the subsequent sentence, it is proper to detain him upon its completion to serve the unexpired remainder of the prior term. We find no authority in this jurisdiction for Petitioner's claim that after his three (3) year prior sentence commenced, it continues to run and automatically expires three (3) years thereafter. The parole interrupted the serving of that sentence. Where a parole is revoked, the parolee is not entitled to deduct from the sentence the time he was on parole. The paroled period does not satisfy the sentence unless the parole is completed without revocation. Ex parte Salisbury, Okl. Cr., 369 P.2d 476 (1962). Petitioner's parole was revoked prior to the expiration of three (3) years, the term of his sentence; thus, he is obligated for the remainder of that sentence in confinement. Writ denied.

BUSSEY, P. J., and SIMMS, J., concur.