**Tommy Dale OWENS, Appellant,**

v.

**OSAGE COUNTY SHERIFF'S OFFICE, George Wayman, Sheriff, Appellee.**

**No. PC–74–837.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1975.

As Corrected Jan. 30, 1975.

Rehearing Denied Feb. 6, 1975.

## OPINION AND ORDER

BLISS, Judge:

Appellant, Tommy Dale Owens, hereinafter referred to as defendant, in the District Court, Osage County, was found guilty of Destroying Public Property and assessed a sentence of six (6) months imprisonment. According to the trial court's finding of fact and conclusions of law, defendant commenced serving said sentence in the Osage County jail on February 26, 1974. On March 18, 1974, appellant entered a plea of guilty for the offense of Larceny of Merchandise From a Retailer, After Former Conviction of a Felony, CRF–73–959, and Assault with a Dangerous Weapon, After Former Conviction of a Felony, CRF–73–958. Upon the entry of the pleas of guilty, appellant was assessed a punishment of two (2) years imprisonment for each offense, said sentences to run concurrently. Upon the entry of the pleas of guilty the court sentenced the defendant to confinement in the Oklahoma State penitentiary and shortly thereafter ordered defendant transported thereto. Further, the trial court found as a finding of fact that four months and 17 days still remained to be served on the judgment and sentence imposed in the Destroying Public Property offense, CRM–74–142. Appellant avers in his Petition in Error that he is entitled to have a parole detainer placed on him at the Oklahoma State penitentiary detaining him for purpose of serving the remaining four months and 17 days on the first offense withdrawn and removed from his record.

We observe this action was commenced under the provisions of the Post-Conviction Procedures Act. Under the provisions of that act the relief sought is properly remedied. However, we, after reviewing the Petition in Error and the Court's finding of fact and conclusions of law, find defendant's arguments meritorious. For this reason we will decide defendant's appeal and treat the same as an application for Mandamus as the best in-

terest of justice require a speedy disposition of the cause.

■ Defendant avers in his Petition in Error that the District Court erred in denying his request for Post Conviction Relief for the reason the trial court was without authority to order him transported to the Oklahoma State penitentiary prior to the time he had completed his sentence in Case No. CRM–74–142. In determining the merit of petitioner's arguments the trial court made the following findings of fact and conclusions of law:

"FINDINGS OF FACT

"1. The Court finds that Tommy Dale Owens, hereinafter referred to as peitioner, was found guilty of Destroying Public Property (CRM–74–142) and was sentenced to serve six (6) months in the Osage County Jail on 25 February, 1974.

"2. The Court further finds that petitioner's sentence was executed on 26 February, 1974.

"3. The Court further finds that petitioner, on 18 March, 1974, entered his plea of guilty to the crimes of Larceny of Merchandise from Retailer after Former Conviction of Felony (CRF–73–959) and Assault with Dangerous Weapon after Former Conviction of Felony (CRF–74–958), in the District Court of Osage County, Oklahoma and was sentenced to two (2), two (2) year sentences in the Oklahoma State Penitentiary.

"4. The Court further finds that petitioner was on 11 April, 1974, transported to the Oklahoma State Penitentiary to begin serving the two (2), two (2) year sentences concurrently.

"5. Court further finds that the Osage County Sheriff's Office did issue a detainer warrant number CRM–74–142, to impose a restraint on the release of Tommy Dale Owens from the Oklahoma State Pententiary.

"6. The Court further finds that petitioner has four (4) months and seventeen (17) days to serve under the judgment and sentence imposed in CRM–74–142.

"7. The Court further finds that it was petitioners request that he be allowed to serve remained (sic) of sentence in Osage County Jail before being removed to Oklahoma State Penitentiary.

"8. The Court further finds that petitioner was not promised by the Court that he would be allowed to satisfy the Osage County Jail sentence before serving the Oklahoma State Penitentiary sentence.

"9. The Court further finds that petitioner was told by Sheriff's Department that they did not know if a detainer warrant would be issued.

"10. The Court further finds that petitioner refused to be removed from Osage County Jail because he did not want to be returned after completion of sentence in Oklahoma State Penitentiary.

"11. The Court further finds that on 10 October, 1974, the Court appointed Nobel D. Daniel, to represent petitioner on his application for post conviction relief.

"CONCLUSIONS OF LAW

"1. The Court finds that it has jurisdiction of this cause as provided by the provisions of 22 Oklahoma Statutes Annotated, § 1080 et seq.

"2. The Court finds that petitioner was not promised that he would be allowed to serve remainder of sentence in Osage County before serving two (2), two (2) year concurrent sentences in Oklahoma State Penitentiary.

"3. The Court finds that petitioner did not consent to transfer to Oklahoma State Penitentiary but wished to satisfy his sentence in the Osage County Jail.

"4. The Court finds that Detainer Warrant No. CRM–74–142 is a valid restraint on petitioner.

"5. The Court further finds that at the end of the judgment and sentence imposed in CRF–73–958 and CRF–73–959, the petitioner still has four (4) months and seventeen (17) days to serve under the judgment and sentence imposed in CRM–74–142."

The above record clearly shows the defendant was transported to the Oklahoma State penitentiary prior to the time he had finished serving his sentence in CRM–74–142. The question then becomes whether the prisoner may be required to begin serving a subsequent sentence prior to the expiration of the sentence which has been previously imposed. Title 21 O.S.1971, § 61 states as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, *must* commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be." (Emphasis added)

We find the provisions of the above Statute apply equally to incarceration in a County jail as well as incarceration in the Oklahoma State penitentiary. Consequently, the court was without authority to order defendant incarcerated in the Oklahoma State penitentiary prior to the expiration of his term in CRM–74–142. See discussion in Ex Parte McCollum, 90 Okl. Cr. 153, 212 P.2d 161 (1949). The defendant should have been maintained in the custody of the County Sheriff until his term was served.

 The next question which must be resolved is whether the trial court ordering defendant's commitment in the Oklahoma State penitentiary prior to the expiration of the first sentence stayed the execution of the remaining portion of that sentence. We think not. As we have previously determined the trial court was without authority to order the defendant's commencement of serving his time at the Oklahoma State penitentiary prior to his concluding the first offense. Consequently, since he was incarcerated in CRM–74–142, his sentence began running and continued to run on the first offense after he was removed from the County jail and transported to the Oklahoma State penitentiary as the trial court's releasing a defendant from custody without legal authority does not stop his sentence from running. See, Ex Parte Eley, 9 Okl.Cr. 76, 130 P. 821 (1913). Since defendant's first term of imprisonment was a term for six (6) months beginning February 26, 1974, said sentence has been satisfied. Since defendant may not be compelled to return to the Osage County jail to serve the remaining portion of said sentence, the detainer warrant issued by the Osage County Sheriff's Office must be recalled. This opinion is not to be construed to affect our prior holding regarding parole violations, escapees, or revocations, or acceleration of suspended or deferred sentences.

The Osage County Sheriff is herein ordered to recall the detainer warrant.

It is so ordered.