The STATE of Oklahoma, ex rel., Robert H. HENRY, Attorney General of Oklahoma; Robert H. Macy, District Attorney of Oklahoma, District No. 7; and Gary Maynard, Director, Department of Corrections of the State of Oklahoma, Petitioners,

v.

Melvin Leroy MAHLER, Inmate # 93348, Respondent, or alternatively

Honorable Ed Parks, Presiding Judge; Honorable Tom Brett, Judge; Honorable James F. Lane, Judge; and the Court of Criminal Appeals of the State of Oklahoma, Respondents.

No. 73998.

Supreme Court of Oklahoma.

Jan. 16, 1990.

Robert H. Henry, Atty. Gen., pro se, Robert A. Nance, Asst. Atty. Gen., Robert H. Macy, Dist. Atty., pro se, Oklahoma County, Charles S. Rogers, Asst., Don G. Pope, Gen. Counsel, Dept. of Corrections, State of Okl., for petitioners.

Melvin Leroy Mahler, pro se.

SIMMS, Justice.

Petitioners bring this application for extraordinary relief seeking a writ of prohibition or alternatively writ of certiorari to the Court of Criminal Appeals asserting that the underlying matter presents a jurisdictional conflict between the courts. Petitioners contend that the Court of Criminal Appeals overstepped its jurisdictional boundary, and issued a ruling in excess of its jurisdictional limits, when it ruled that the application of an amendment to an earned credit statute to persons whose crimes were committed prior to the amendment violated the *ex post facto* clause of the Federal Constitution.

Petitioners submit that the jurisdictional power over this issue belongs in this Court. Subsequent to the application being filed here, the Court of Criminal Appeals has—twice—recanted its original position and adopted the position urged by the petitioners: that it was beyond that Court's jurisdictional power to have passed on the earned credit issue and that the power to do so was in this Court. In light of the new and favorable position assumed by the Court of Criminal Appeals, petitioners now seek to have us dismiss their application as moot. If we did so, we would thereby accept the Court of Criminal Appeals' ruling or at least acquiesce in it. We therefore refuse to dismiss the application as moot. The attempt by the Court of Criminal Appeals to determine this Court's jurisdiction is unauthorized by Oklahoma's Constitution. We therefore assume original jurisdiction but, for reasons set forth below, deny all requested relief.

The essential facts are these. Melvin Mahler challenged the recent (1988) amendment to 57 O.S.1981, § 224, as violative of *ex post facto* prohibitions in a pro se application for Post–Conviction relief in the District Court of Oklahoma County. Mahler claimed that the application of the statute, to him, was an unconstitutional enhancement of his punishment as he would be forced to serve a longer sentence under the new law than under the old statute in effect when his crimes were committed. Mahler was in prison serving sentences of ten years, fifteen years, and fifteen years running concurrently when the amendment went into effect, and he asserted that the application of that amendment to him would lengthen his sentence by several months, as it would cause him to suffer a reduction in the amount of earned credit time he could receive.

The District Court of Oklahoma County found Post–Conviction relief inappropriate under the circumstances and therefore held that the court was without jurisdiction to consider the matter and denied all relief to Mahler. Mahler then filed a petition in error in the Court of Criminal Appeals challenging the District Court's denial of Post Conviction relief. On June 20, 1989, that court issued an order in case number PC–89–560 Granting Post–Conviction relief which reversed the trial court. The Court of Criminal Appeals held that Mahler, and others whose crimes were committed prior to the date of the amendment of § 224, were entitled to the benefits of § 224 as it existed prior to the amendment and in addition, were entitled to receive such additional credits as they may have earned under the amended statute as well.

Petitioners here, the Attorney General, the Oklahoma County District Attorney and the Director of the Department of Corrections, sought a stay from the Court of Criminal Appeals and filed a motion for that Court to reconsider its decision. They contended that no *ex post facto* violation resulted from the statutory change and that under the Court of Criminal Appeals opinion, Mahler and others in his position,

would be substantially better off as they would receive the benefit of both earned credit statutes. The Court of Criminal Appeals denied the application for a stay and motion for rehearing.

Petitioners then filed this action on September 20, 1989, seeking to have this Court assume original jurisdiction and restrain the Court of Criminal Appeals from exercising further jurisdiction in the Mahler case either by writ of certiorari or writ of prohibition. Petitioners contend that the *Mahler* decision was both erroneous and unjust and is a matter of great public importance as the district courts are being deluged by similar complaints from other inmates in the same circumstances as Mahler. Petitioners assert the decision of the Court of Criminal Appeals requiring an award of credit under both the original and the amended versions of the statute, entitles inmates to receive 5 days credit for each 1 day worked at certain jobs.

Essentially petitioners argue here that it is the Supreme Court, not the Court of Criminal Appeals, which has exclusive jurisdiction over this matter as Mahler's challenges to the earned credit statutes did not, in petitioner's estimation, amount to a "criminal case" and therefore did not come within the limited jurisdiction of the Court of Criminal Appeals.

On October 10, 1989, subsequent to this application being filed before us, the Court of Criminal Appeals issued an Order Withdrawing its Order of June 20 granting Post–Conviction relief. The Order of Withdrawal found, as had been argued by petitioners before us, that the Court of Criminal Appeals had exceeded its subject matter jurisdiction because the action "was not in aid of its appellate jurisdiction" and concluded that the question by Mahler amounted to an *administrative* decision of the Department of Corrections, and that appellate review of such procedure is properly a matter for the Oklahoma Supreme Court. In support of this pronouncement the Court of Criminal Appeals cited our decision in *Carder v. State*, Okl., 595 P.2d 416 (1979).

Following that pronouncement, the Petitioners filed in this Court a "Suggestion of Mootness" pointing out that in light of the Court of Criminal Appeals' withdrawal of its order, the proceeding before us had, in petitioners estimation, become moot. Next, the Respondents, Judges of the Court of Criminal Appeals, filed their own response in this action also urging us to find that because that Court had withdrawn its order, no real controversy meeting the requirement of justicibility existed any longer. This point, they urge, was conceded by the State in its "Suggestion Of Mootness". The Respondents requested us to therefore deny Petitioners' application to assume original jurisdiction and deny all requested relief.

To confuse matters even more, on December 5, 1989, yet another pronouncement on this matter was rendered by the Court of Criminal Appeals when it issued its Order on Reconsideration. There the Court reviewed its prior pronouncement that it had lacked the jurisdiction to issue its original order of June 20. That decision followed from the court's holding that the "process of granting credits" to an inmate's sentence was an "administrative function of the Department of Corrections" and not reviewable by that Court. "Appellate review of *administrative procedures*" it stated, is "properly a matter for the Oklahoma Supreme Court. *Carder v. State*, Okl., 595 P.2d 416 (1979)." The Order continued nonetheless to hold that as Mahler's action was not an attack on his conviction or imposition of sentence but merely a complaint as to the administration of the sentence by the department, it was improperly brought under the Post–Conviction Procedure Act and the only proper method by which Mahler could have presented his claim was by writ of habeas corpus. The Court then decided that Mahler had not presented a sufficient case to prevail on habeas corpus. In an obvious effort to tone down its preceding holding, the Court decided that because it did not have jurisdiction to decide this matter in its "original format" and because Mahler had not demonstrated his entitlement to immediate release through habeas corpus, the trial court was affirmed in the denial of

Post–Conviction relief based upon its holding that Post–Conviction Procedure Act did not provide jurisdiction over the issue of earned credits.

We do not consider this matter to be moot. The Court of Criminal Appeals' pronouncements that Mahler's challenge to the earned credit amendment is, in the words of that Court, "properly a matter for the Oklahoma Supreme Court" as an "appellate review of an administrative procedure" clearly requires our assumption of original jurisdiction in this matter. The determination of jurisdictional conflict, if any, between this Court and the Court of Criminal Appeals is placed by constitution with the Supreme Court. It is not a proper function of the Court of Criminal Appeals to set and define the jurisdictional limits of this Court. There is no doubt as to the supremacy of the Supreme Court in this state. Art. 7, § 4, provides:

> "The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute and in the event there is any conflict as to jurisdiction, *the Supreme court shall determine which court has jurisdiction and such determination shall be final.* The original jurisdiction of the Supreme Court shall extend to a general superintendent control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute. * * *" (Emphasis Added)

■ The Court of Criminal Appeals is a court of special and limited jurisdiction. It has exclusive appellate jurisdiction in criminal matters only and it can issue writs only in the exercise or aid of its appellate jurisdiction. Appellate jurisdiction is that power to review and correct proceedings of inferior courts brought for determination in the manner provided by law. Where the Court of Criminal Appeals has no appellate jurisdiction it has no power to issue writs of prohibition and/or mandamus. 20 O.S. 1981, §§ 40, 41. See, e.g., *Dancy v. Owens*, 126 Okl. 37, 258 P. 879 (1927); *Ex parte McCollum*, 90 Okl.Cr. 153, 212 P.2d 161 (1949); *Jerry v. Pardon and Parole Bd.*, Okl.Cr., 546 P.2d 650 (1976).

The Court of Criminal Appeals' recent view that it did not have appellate jurisdiction over the issue of earned credits because the process of "granting" credits is merely an administrative function of the Department of Corrections is unsupportable and disturbing. Prisoner Mahler, who appears pro se, correctly points out in his response that the Department of Corrections has no discretionary authority to determine the amount of credit to give prisoners; sentences and any reduction credits thereon are dictated by the legislature. It is the legislative enactment of 57 O.S.Supp. 1988, § 224, Mahler points out, which he has challenged before that Court as inapplicable in computing the length of his sentence because, as to him, the statute constitutes *ex post facto* law.

Respondent Mahler is correct that prison sentences and credits on those sentences are wholly determined by the legislature. In *Ex parte Ridley*, 3 Okl.Cr. 350, 107 P. 549, 554 (1910), the Court of Criminal Appeals expressed that fundamental idea as follows:

> "In the matter of 'the credit for good time allowed petitioner under the law' the parole and its revocation in no way affects it. Under our Constitution it is the duty and prerogative of the legislative department to define crime and fix the maximum and minimum penalty, and to fix by law the kind and manner of punishment, and to provide such disciplinary regulations for prisoners, not in conflict with the fundamental law, as the Legislature deems best. It is the duty of the judicial department to try offenders

against those laws, and upon conviction to sentence them under the statute."

Clearly questions pertaining to the length of sentences and credit time for reduction of those sentences belong in the Court of Criminal Appeals. Issues concerning the determination of the amount of punishment and questions regarding a prisoner's release from confinement are matters which are, without question, within the Court of Criminal Appeal's exclusive appellate jurisdiction over criminal cases. These are not administrative matters. As the Court of Criminal Appeals has repeatedly stated, in a criminal case the "essential part of the judgment is the punishment and the amount thereof." *Ex parte Rice*, 48 Okl.Cr. 28, 289 P. 360 (1930); *Ex parte Halbert*, 45 Okl.Cr. 167, 282 P. 478 (1929); *Ex parte Williams*, 63 Okl.Cr. 395, 75 P.2d 904 (1938).

The pronouncements by the Court of Criminal Appeals that this action is not a "criminal case" but an administrative matter are clearly erroneous. That Court has passed on similar issues raised under related statutes since statehood. In the case of *Ex parte Ridley*, supra, the Court of Criminal Appeals held that upon revocation of parole, the Governor could not remove good time credits allowed by statute and accumulated prior to an inmate's release on parole. Holding that the Governor could not interfere with the statute providing for good time credits, that Court stated 107 P. at 555:

> "We are of opinion, upon an examination of the authorities and upon principle, that an act of the Legislature specifically defining credits for good behavior, in existence at the date of the judgment against the prisoner, *becomes a part of the sentence and inheres into the punishment assessed,* and is not an invasion of the constitutional prerogative of the Governor." (Emphasis added)

Restating that point in *Ex parte Williams*, supra, the Court of Criminal Appeals in its syllabus number 4 held:

> "4. The law giving to prisoners certain deductions from their term of imprisonment for good behavior is not unconstitu-

tional as an infringement of the prerogative of the Governor to pardon. It does not restrict or interfere with this power in any way. It simply fixes the term of imprisonment in certain cases and upon certain conditions, and thus *enters into and becomes a part of the judgment and sentence of the court."* (Emphasis Added)

That Court has repeatedly passed upon these issues. See, for example, the following decisions: *In re Salisbury,* Okl.Cr., 369 P.2d 476 (1962); *Conn v. Page,* Okl.Cr., 462 P.2d 346 (1969); *State v. Wood,* Okl.Cr., 624 P.2d 555 (1981); *State v. Sanders,* Okl. Cr., 635 P.2d 1023 (1981). This list of cases is not meant to be exhaustive but only illustrative of the Court of Criminal Appeals' unhesitating assumption of jurisdiction over a subject that is quite properly within its exclusive appellate jurisdiction.

Additionally, *Carder v. State,* Okl., 595 P.2d 416 (1979), does not support the Court of Criminal Appeals' attempt to "place" jurisdiction in this Court. That Court misrepresents *Carder* in the Mahler decision. *Carder* did not involve an "administrative procedure". Rather the question presented there was whether the Court of Criminal Appeals could properly issue a writ against a "juvenile court" judge directing him to vacate a post-dispositional dismissal order in a delinquency matter. We held that the Court of Criminal Appeals exceeded its jurisdictional limitations in issuing the writ, as that Court had no appellate jurisdiction over the juvenile court insofar as that post-dispositional order of dismissal was concerned. The only appellate jurisdiction the Court of Criminal Appeals had over the juvenile court was conferred by statute and was limited by that statute to the issues of adjudication of delinquency and certification to stand trial as an adult. No appeal could have been brought in the Court of Criminal Appeals from the dismissal order at issue. The Court of Criminal Appeals therefore had no authority to issue a writ in the exercise or aid of its appellate jurisdiction and consequently had exceeded its jurisdictional limitations, so we granted certiorari to the Court of Criminal Appeals.

*Carder* does not require or justify the Court of Criminal Appeals' action in *Mahler* in any regard.

These are not "administrative" matters. They do not call for the exercise of rule making or adjudicative powers of the agency. Jurisdiction over this question belongs today, as it always has, with the Court of Criminal Appeals, not this Court. Parties may not circumvent the exclusive jurisdiction of the Court of Criminal Appeals by filing an original action in this Court when they disagree with that Court's rulings.

Petitioners are denied all relief.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

HODGES and SUMMERS, JJ., dissent.