OSCN Found Document:MOSS v. OKLAHOMA DEPT. OF CORRECTIONS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MOSS v. OKLAHOMA DEPT. OF CORRECTIONS
2016 OK CR 23
Case Number: MA-2015-404
Decided: 10/26/2016
CHRISTOPHER MOSS, Petitioner, v. OKLAHOMA DEPARTMENT OF CORRECTIONS, Respondent.
Cite as: 2016 OK CR 23, __ __

 

 




ORDER GRANTING REQUEST FOR EXTRAORDINARY RELIEF


¶1 On April 27, 2015, the Supreme Court of the State of Oklahoma transferred to this Court a Petition for Writ of Mandamus filed by Petitioner Moss challenging the October 15, 2013 order from the District Court of Oklahoma County denying Moss's application for writ of mandamus. Moss requested the District Court of Oklahoma County issue an order compelling the Oklahoma Department of Corrections (ODOC) to honor an order from the District Court of Ottawa County modifying the terms of Petitioner's sentence, ordering Moss's sentence in Ottawa County Case No. CF-2006-444 to run concurrently with his sentences assessed in Tulsa County Case No. CF-2007-319.

¶2 On November 14, 2013, Moss filed a Petition in Error in the Oklahoma Supreme Court, assigned Case No. 112332, styled Christopher Moss v. Oklahoma Department of Corrections. On August 5, 2014, the matter was assigned to the Court of Civil Appeals for review. The case was set for oral argument and an opinion was issued by the Court of Civil Appeals on January 14, 2015, reversing the District Court's order and granting Moss's application for Writ of Mandamus.[1]

¶3 On January 30, 2015, the ODOC filed a Petition for Writ of Certiorari, appealing the Court of Civil Appeals ruling. On April 27, 2015, the Oklahoma Supreme Court granted ODOC's petition, vacated the opinion issued by the Court of Civil Appeals and transferred the matter to this Court for resolution. The Supreme Court determined that the Oklahoma Court of Criminal Appeals has exclusive jurisdiction to decide the issues raised in Moss's petition "which directly impact the length of his sentence in connection with State ex rel. Henry v. Mahler, 1990 OK 3, ¶ 15, 786 P.2d 82, 86."

¶4 We now address Moss's request for extraordinary relief.

Relevant Procedural History

¶5 On May 2, 2008, Moss, represented by counsel, entered a guilty plea to a charge of Lewd or Indecent Proposals to a Child Under the Age of 16 in Ottawa County Case No. CF-2006-444. Sentence was imposed on September 5, 2008, at which time the District Court of Ottawa County, the Honorable Robert G. Haney, District Judge, sentenced Moss to twenty (20) years, with all but the first five (5) years suspended, subject to terms and conditions of probation. This was apparently Moss's first ever criminal conviction.

¶6 On July 14, 2008, Moss, represented by counsel, entered a guilty plea to two (2) counts of Possession of Child Pornography in Tulsa County Case No. CF-2007-319. On September 16, 2008, the District Court of Tulsa County, the Honorable Dana Kuehn, Associate District Judge, sentenced Moss to ten (10) years for Count 1, and ten (10) years, with all but the first seven (7) years suspended, for Count 2. The sentence for Count 1 was ordered to be served consecutively to Moss's sentence for Count 2, and consecutive to his sentence in Ottawa County Case No. CF-2006-444. The sentence for Count 2 was ordered to be served consecutively to the sentence for Count 1 and consecutive to Moss's sentence in Ottawa County Case No. CF-2006-444. Moss did not seek to withdraw his pleas or otherwise appeal his convictions in either the Ottawa County or Tulsa County cases.

¶7 On August 5, 2009, pursuant to 22 O.S.Supp.2009, § 982a, Moss filed a Motion for Sentence Modification in Tulsa County Case No. CF-2007-319. On August 21, 2009, Moss filed a Motion for Sentence Modification in Ottawa County Case No. CF-2006-444. On September 1, 2009, Judge Haney modified Moss's sentence in Ottawa County Case No. CF-2006-444, ordering the sentence to be served concurrently with Moss's sentences assessed in Tulsa County Case No. CF-2007-319. On September 10, 2009, Judge Kuehn denied Moss's request for sentence modification in Tulsa County Case No. CF-2007-319.[2]

¶8 On March 1, 2012, Moss filed his first Request to Staff-Offender Grievance Process with ODOC at the James Crabtree Correctional Center, challenging the way ODOC was administering his sentences in the Ottawa and Tulsa County cases. The grievance alleged that the sentences were to be served concurrently, according to Judge Haney's modified sentencing order, and ODOC was still administering the sentences according to Judge Kuehn's order which required that the sentences be served consecutively. Moss argued that 22 O.S.2011, § 976 allows a sentencing judge discretion to enter a sentence concurrent with any other sentence. Because his Tulsa County sentence was "in existence" at the time Judge Haney modified his Ottawa County sentence, Moss argued that ODOC should have been administering his Ottawa County sentence to run concurrently with his Tulsa County sentences. On September 25, 2012, Moss was advised that his sentences were being administered correctly, as they were originally ordered to be served consecutively with each other.

¶9 On September 24, 2012 and again on October 5, 2012, Moss filed subsequent grievances, each challenging the administration of his Ottawa County sentence. In its response dated October 22, 2012, ODOC, by and through its reviewing authority, Janet Dowling, Interim Warden, denied Moss's grievance request. The response advised Moss that all sentences are to be served consecutively unless specifically ordered to be served concurrently, citing 21 O.S.2011, §§ 61.1-61.3 and 22 O.S.2011, § 976. Moss was further advised that sentences are to be served in the order they are received by a penal institution, regardless of the order in which the judgment and sentences were rendered by the respective courts, unless the judgment and sentence provides that a sentence is to run concurrently with another judgment and sentence. 21 O.S.2011, § 61.1. The response noted that because the Tulsa County sentence did not exist at the time Moss was sentenced in Ottawa County, the District Court of Ottawa County could not order Moss's sentence in Ottawa County Case No. CF-2006-444 to be served concurrently with the Tulsa County sentences in Case No. CF-2007-319 simply by adding language to the Ottawa County judgment and sentence at a later date. The response stated "[T]he Tulsa County judge determined the sequence of your sentences by not ordering that the Tulsa County sentences be served concurrent to your existing Ottawa County sentence." ODOC concluded that it was correctly administering Moss's Ottawa County and Tulsa County sentences.

¶10 On November 30, 2012, Moss received a response to an appeal of the October 5, 2012 grievance response, affirming the reviewing authority's response, concluding that Moss failed to clearly state the error allegedly committed by the reviewing authority in accordance with the Inmate/Offender Grievance Process.

¶11 On February 22, 2013, Moss, by and through counsel Don G. Pope, filed a Motion for Alternative Writ of Mandamus in the District Court of Oklahoma County, assigned Case No. CV-2013-370. Espousing the same arguments Moss made in his grievance proceedings, the motion requested issuance of an order ".requiring the Department of Corrections to comply with the Judgment and Sentence from the Ottawa County District Court and run his [Moss's] sentence in CF-06-444 concurrent with Tulsa County sentence in CF-07-319." On May 31, 2013, ODOC filed its response to Moss's request for extraordinary relief.

¶12 In an order entered October 15, 2013, filed October 16, 2013, the District Court of Oklahoma County, the Honorable Barbara Swinton, District Judge, denied Moss's request for relief. Judge Swinton determined that the modified judgment and sentence entered by Judge Haney related back to the date the sentence was originally entered. The court also refused to render a decision on a matter which it found had already been ruled upon by another district court, specifically, Judge Kuehn's September 9, 2009 denial of Moss's request for sentence modification of his Tulsa County sentences. On January 14, 2015, the Oklahoma Court of Civil Appeals granted Moss's request for a Writ of Mandamus, ordering the Oklahoma Department of Corrections to ".follow and implement the September 1, 2009, sentence modification order entered by Judge Haney in Ottawa County Case No. CF-2006-444 forthwith, pursuant to the appropriate administrative rules."

Discussion and Decision

¶13 For a writ of mandamus a petitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. See, Woolen v. Coffman, 1984 OK CR 53, ¶ 6, 676 P.2d 1375, 1377; Rule 10.6(B), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016).

¶14 Moss alleges that Judge Haney's modification of his Ottawa County sentence requires ODOC to administer his sentences in the Ottawa and Tulsa County cases to run concurrently instead of consecutively. He argues that the sentence modification statute, 22 O.S.Supp.2009, § 982a, "specifies that sentence modifications are made by the imposition of another sentence instead of relating back to the original sentence." While § 982a contains no "relation back" language, the statute does allow for imposition of another sentence, subject to certain limitations. We agree that Judge Haney's modification of Moss's Ottawa County sentence to run concurrently with the Tulsa County sentences requires ODOC to administer Moss's sentence according to this new sentencing order. Petitioner's request for issuance of a writ of mandamus is GRANTED. The Oklahoma County district court's order denying Moss's request for extraordinary relief is REVERSED.

¶15 Oklahoma's sentencing statutes contemplate that when a defendant is sentenced he receives only one sentence, not multiple sentences for the same offense. Hemphill v. State, 1998 OK CR 7, ¶ 6, 954 P.2d 148, 150. The statutory provision allowing for imposition of concurrent sentences states quite clearly that the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence. See, 22 O.S.2011, § 976 (emphasis added); Higgins v. Branam, 2006 OK CR 23, ¶ 10, 137 P.3d 1240, 1242; Walker v. State, 1989 OK CR 65, ¶ 4, 780 P.2d 1181, 1183. Moss's Ottawa County conviction preceded his conviction in the Tulsa County case, and was apparently his first conviction for any criminal offense. There were no other sentences assessed against him. His Ottawa County sentence was the first received by ODOC, and the one he was to serve first. ODOC correctly notes that terms of imprisonment must be served consecutively in the order of imposition. See, 21 O.S.2011, § 61.1; 22 O.S.2011, § 976; Thurman v. Anderson, 1972 OK CR 201, ¶ 4, 500 P.2d 1074, 1075; Ex parte McCollum, 1949 OK CR 116, 90 Okl. Cr. 153, 156-157, 212 P.2d 161, 163; Marsh v. Page, 1969 OK CR 61, ¶ 2, 450 P.2d 846, 847. Penitentiary officials do not have discretion to credit time served by inmates on either of two or more convictions, but must credit time on the first conviction sustained by the inmate until it has been satisfied, unless the judgment and sentence provides that the sentence is to run concurrently with another judgment and sentence. Warnick v. Booher, 2006 OK CR 41, ¶ 11, 144 P.3d 897, 900; Ex parte Grimes, 1950 OK CR 94, 92 Okl.Cr. 87, 90, 221 P.2d 679, 681. Until it was modified by Judge Haney, Moss was properly serving the Ottawa County sentence consecutively to his Tulsa County sentences.

¶16 ODOC takes the position that modification of Moss's sentence "relates back" to the date of his original sentence. ODOC argues that because Judge Haney could not order the original Ottawa County sentence to run concurrently to the then non-existent Tulsa County sentences, he cannot do so now through the process of sentence modification. Again, we find no such limitation in the sentence modification statute. At the time Moss's sentence was modified, 22 O.S.Supp.2009, § 982a allowed for sentence modification any time within the 12 month period after a sentence was imposed. The statute specified that the court could modify the sentence by directing that another penalty be imposed, if the court was satisfied that the best interests of the public would not be jeopardized. There are no restrictions in the sentence modification statute prohibiting the sentencing judge from ordering a sentence to run concurrently to another sentence where previously the sentence had been ordered to be served consecutively, or was being served consecutively by operation of law.

¶17 This Court addressed a similar issue in Higgins, 2006 OK CR 23, 137 P.3d 1240. Warden Higgins filed a writ with this Court challenging the district court's order directing him to release prisoner Hainey. The district court determined that Hainey was entitled to immediate release after ODOC refused to administer his sentences to run concurrently with a prior sentence for which Hainey had been paroled. ODOC concluded that because Hainey was paroled at the time the additional sentences were imposed, the sentencing court lacked authority to order his new terms of imprisonment to be served concurrently with his paroled sentence. This Court found, pursuant to 22 O.S.2001, § 976, that the sentencing court had the lawful authority to order a sentence to be served concurrently with a prior sentence upon which the defendant had been paroled. Higgins, 2006 OK CR 23, ¶ 10, 137 P.3d at 1242. We noted that when ordering a sentence to be served concurrently with an existing sentence, the sentencing judge does nothing to modify the existing sentence. Rather, the sentencing judge is only entering an order concerning the sentence being imposed. Id. ¶¶ 15-16, at 1243. The fact that the imposition of the later sentence might collaterally affect an existing sentence does not render the subsequent sentencing order unlawful. Id.

¶18 The same reasoning applies here. ODOC's claim is that Judge Haney could not modify a sentence to include terms that could not have been imposed or included at the time Moss was originally sentenced. The plain language of 22 O.S.2011, § 976, governing the sentencing court's power to impose concurrent and consecutive sentences, says otherwise. It allows the sentencing court to assess a concurrent sentence at all times. Statutes are to be construed to determine the intent of the Legislature, reconciling provisions, rendering them consistent and giving intelligent effect to each. Statutes are to be construed according to the plain and ordinary meaning of their language. State ex. rel. Pruitt v. Steidley, 2015 OK CR 6, ¶12, 349 P.3d 554, 557; State v. Stice, 2012 OK CR 14, ¶ 11, 288 P.3d 247, 250; Wallace v. State, 1997 OK CR 18, ¶ 4, 935 P.2d 366, 369-370; Virgin v. State, 1990 OK CR 27, ¶ 7, 792 P.2d 1186, 1188. When interpreting statutory provisions, our paramount concern is to give effect to the Legislature's intention. Leftwich v. State, 2015 OK CR 5, ¶ 15, 350 P.3d 149, 155; State v. Iven, 2014 OK CR 8, ¶ 13, 335 P.3d 264, 268. We consider the plain and ordinary language of a statute, other statutes involving the same or similar subjects, and "the natural or absurd consequences of any particular interpretation." Iven, 2014 OK CR 8, ¶ 13, 335 P.3d at 268. We try to reconcile the language of general statutes with more specific statutory provisions, to give effect to each. Leftwich, 2015 OK CR 5, ¶ 15, 350 P.3d at 155.

¶19 In this instance, the statutory language clearly grants the sentencing court the discretion to enter a sentence concurrent with any other sentence. The language is unambiguous and subject to no other interpretation. Moss's request for issuance of a Writ of Mandamus is GRANTED. The ODOC is DIRECTED to follow the terms of Judge Haney's September 1, 2009 order modifying Moss's sentence in Ottawa County Case No. CF-2006-444, and administer his sentences in accordance with the modified sentence terms.

¶20 The Clerk of this Court is directed to transmit a copy of this order to the Court Clerk of Oklahoma County; the District Court of Oklahoma County, the Honorable Barbara Swinton, District Judge; Petitioner; the Oklahoma Department of Corrections; and counsel of record.

¶21 IT IS SO ORDERED.

¶22 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 26th day of October, 2016.


/S/CLANCY SMITH, Presiding Judge

/S/GARY L. LUMPKIN , Vice Presiding Judge

/S/ARLENE JOHNSON, Judge

/S/DAVID B. LEWIS, Judge

/S/ROBERT L. HUDSON, Judge


ATTEST:
/s/Michael S. Richie
Clerk


FOOTNOTES


[1] The Court of Civil Appeals ruled that in 1985, the Legislature extended the district court's sentencing options in 22 O.S.Supp.1985, § 976 ".allowing it 'at all times' to run a sentence concurrently with 'any other sentence'." It rejected ODOC's claim that the district court may only modify a sentence to run concurrently with another sentence imposed at the same time, finding no statutory language for ODOC's suggested restriction of the district court's powers.



[2] The appeal record filed in this matter does not contain a copy of Moss's requests for sentence modification filed in either his Ottawa or Tulsa County cases, so we are unable to determine if Moss specifically requested that the district courts modify his sentences to run concurrently instead of consecutively.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 65, 780 P.2d 1181, WALKER v. STATE
Discussed
 1990 OK CR 27, 792 P.2d 1186, VIRGIN v. STATE
Discussed
 2006 OK CR 23, 137 P.3d 1240, HIGGINS v. BRANAM
Discussed at Length
 2006 OK CR 41, 144 P.3d 897, WARNICK V. BOOHER
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 2014 OK CR 8, 335 P.3d 264, STATE v. IVEN
Discussed at Length
 2015 OK CR 6, 349 P.3d 554, STATE ex rel. PRUITT v. STEIDLEY
Discussed
 2015 OK CR 5, 350 P.3d 149, LEFTWICH V. STATE
Discussed at Length
 1969 OK CR 61, 450 P.2d 846, MARSH v. PAGE
Discussed
 1949 OK CR 116, 212 P.2d 161, 90 Okl.Cr. 153, EX PARTE McCOLLUM
Discussed
 1950 OK CR 94, 221 P.2d 679, 92 Okl.Cr. 87, EX PARTE GRIMES
Discussed
 1972 OK CR 201, 500 P.2d 1074, THURMAN v. ANDERSON
Discussed
 1997 OK CR 18, 935 P.2d 366, Wallace v. State
Discussed
 1998 OK CR 7, 954 P.2d 148, 69 OBJ 592, Hemphill v. State
Discussed
 1984 OK CR 53, 676 P.2d 1375, WOOLEN v. COFFMAN
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 3, 786 P.2d 82, 61 OBJ 145, State ex rel. Henry v. Mahler
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 61.1, Sentences to be Served in Order Received by Penal Institution - Concurrent Sentences - Credit for Good Conduct
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 976, Multiple Offenses - Consecutive or Concurrent Sentences - State Funds
Discussed at Length
 22 O.S. 982a, Modification of Sentence - Time Limitation - Applicability - Report - Notice and Hearing - Appeal
Discussed at Length