**Brett Ashley WEBBER, Petitioner,**

v.

The **DISTRICT COURT OF TULSA COUNTY, Honorable Edward Turnbull, District Judge, Respondent.**

No. P–95–387.

Court of Criminal Appeals of Oklahoma.

April 25, 1995.

*ALTERNATIVE ORDER DIRECTING RE-SPONDENT TO EITHER SHOW CAUSE WHY WRIT OF MANDAMUS SHOULD NOT ISSUE OR TO RULE UPON ALL DISCOVERY MOTIONS AND STAY ALL PROCEEDINGS UNTIL TEN DAYS FROM THE DATE THE DISCOVERY MOTIONS ARE DECIDED; ORDER DENYING APPLICATION FOR WRIT OF PROHIBITION*

Petitioner has been charged with twenty-seven (27) felony offenses in Case No. CF–94–4686, including sexual battery, lewd molestation, attempted lewd molestation, and forcible sodomy, in the District Court of Tulsa County. Petitioner is currently scheduled to stand trial beginning May 1, 1995. The Petitioner has motions pending before the District Court.

On April 21, 1995, the District Court denied Petitioner's "renewed" motion for continuance of jury trial and motion for evidentiary hearing and oral argument on pending motions.

On April 21, 1995, Petitioner filed an application in this Court, requesting us to assume original jurisdiction and grant a writ of prohibition and/or mandamus. Specifically, Petitioner requests:

1. A writ of mandamus directing the District Court to conduct an evidentiary hearing and [permitting] oral argument a reasonable time prior to trial on [Petitioner's] pending requests for: (1) enforcement of his subpoenas duces tecum against persons or entities refusing to produce documents on various claims of privilege; (2) additional discovery from the State pursuant to the Oklahoma Criminal Discovery Code; (3) orders compelling mental examinations of the State's complaining witnesses; (4) admissibility of proposed other crimes evidence; [and] (5) relief from prejudicial joinder of offenses.

2. A writ of prohibition against the District Court's enforcement of its February 9, 1995, order setting jury trial in Case No. CF–94–4686 for May 1, 1995, vacating the District Court's orders denying [Petitioner's] "Renewed Motion For Continuance of Jury Trial and Motion for Evidentiary Hearing and Oral Argument on Pending Motions" . . . and directing that the District Court shall reset the case for trial not less than sixty (60) days after the conclusion of the hearings and the issuance of rulings on [Petitioner's] pending motions.

*See* Petitioner's Application at pp. 2–3. Petitioner has also requested a stay of all further proceedings in Case No. CF–94–4686 in the District Court.

Petitioner seeks extraordinary relief from this Court concerning the District Court's denial of his "renewed" motion for continuance of jury trial and motion for evidentiary hearing and oral argument on pending motions. The record before us does not contain a copy of the "renewed" motion for continuance of jury trial and motion for evidentiary hearing and oral argument on pending motions.

Petitioner argues that he has a "clear legal right to timely rulings on his pending requests for pre-trial enforcement of his statutory rights to discovery and his state and federal constitutional rights to compulsory process, a fair and impartial trial, due process of law, and the effective assistance of counsel for his defense." *See* Petitioner's Application at p. 1. Petitioner also contends that "the District Court has either issued orders denying the relief requested in the motions or has constructively denied the motions by inaction." *Id.* at p. 8.

We agree that litigants have a clear legal right to timely rulings on discovery motions by the district court. However, we are extremely reluctant to involve this Court in discovery disputes. Orders by the district court resolving discovery issues are not immediately appealable orders. If Petitioner is correct in his assertion that the District Court's failure to rule on his discovery motions constitutes a "constructive denial" of those motions, Petitioner is in no worse position than if those discovery motions had been explicitly denied. In either event, the issue may not be appealed by means of an extraordinary writ. Rather, the matter is subject to review upon direct appeal.

■ On the other hand, we clearly view the writ of mandamus to be appropriate to require a district judge to rule upon a pending discovery motion which is ripe for decision. In this case, Petitioner has had several discovery motions pending which the District Court has not ruled upon. The Oklahoma Criminal Discovery Code requires "all issues relating to discovery" to be completed at least ten days prior to trial, except as otherwise provided. 22 O.S.Supp.1994, § 2002(D). We have not, heretofore, had occasion to construe this statute. However, the record

indicates that Petitioner's complaint does not concern the District Court's rulings on his pre-trial motions. Rather, Petitioner's complaint is based on the District Court's alleged failure to rule on his pre-trial motions, most notably his discovery motions, at least ten days prior to trial in accord with the Oklahoma Criminal Discovery Code. A district court's failure to timely rule upon discovery motions is a matter which may be addressed and remedied by a writ of mandamus.

■ Further, we find that there is no statutory requirement setting forth the time within which pre-trial motions, which do not relate to discovery, must be decided in the District Court. Such pre-trial motions may not be appealed by means of an extraordinary writ; the matter is subject to review upon direct appeal. Therefore, we find that the issues raised concerning the District Court's alleged failure to rule upon pre-trial motions, which do not relate to discovery, may not be addressed by a writ of mandamus.

**IT IS THEREFORE THE ORDER OF THIS COURT** that the Respondent, or a designated representative, should be, and hereby is, **DIRECTED** in the **ALTERNATIVE:**

i) to submit a response to this Court concerning Petitioner's Application, showing cause as to why a writ of mandamus should not issue requiring the trial judge to rule upon all discovery motions at least ten days prior to the start of the trial, by 10:00 a.m. on April 27, 1995. Further, Respondent, or his designated representative, is hereby granted **LEAVE** to submit a copy of his response to this Court by means of electronic facsimile transmission by 10:00 a.m. on April 27, 1995, in compliance with the time constraints of this order, provided that the original response is received by the Clerk of this Court no later than May 1, 1995; OR

ii) Respondent shall rule upon all discovery motions filed herein within twenty (20) days of the date of this Order and shall **STAY** all proceedings in this matter until ten (10) days from the date all discovery motions are ruled upon.

**IT IS FURTHER ORDERED** that Petitioner's application for a writ of prohibition should be, and hereby is, **DENIED.**

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ James F. Lane
JAMES F. LANE
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR
Judge
Dissenting