**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAWN J. GIESWEIN,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 20-6049
(D.C. No. 5:19-CV-00883-PRW)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Pro se[1] petitioner-appellant Shawn J. Gieswein seeks a certificate of appealability

("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 motion for

habeas relief. Because the district court correctly held that Gieswein failed to exhaust his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Gieswein is proceeding pro se, we liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). That said, liberally construing a pro se filing does not include supplying additional factual allegations or constructing a legal theory on the appellant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

available state-court remedies, we deny his request for a COA and dismiss the appeal.
We also grant his motion to proceed *in forma pauperis*.

## I.

Gieswein is a federal inmate serving a twenty-year sentence for witness tampering and being a felon in possession of a firearm. In 2008, before he was incarcerated for these federal crimes, he was charged in Oklahoma state court with assault and battery of a police officer. *State v. Gieswein*, Case No. CF-2008-3772.

On November 30, 2016, while Gieswein was serving his federal sentence, the Oklahoma County District Attorney lodged a detainer with federal officials to hold him for trial on his Oklahoma charge. Over the next three years, Gieswein filed several motions to dismiss that charge on the ground that his speedy trial rights were being violated. *See Gieswein*, Case No. CF-2008-3772. The Oklahoma County District Attorney eventually released the detainer on June 11, 2019, but the charge has not been dismissed and Gieswein's motions are still pending.

Gieswein has filed two petitions for writ of mandamus in the Oklahoma Court of Criminal Appeals ("OCCA") seeking to require the Oklahoma County District Court to address his motions. But the OCCA dismissed both petitions for failure to comply with its procedural rules.

In November 2019, Gieswein filed a § 2254 motion in federal district court seeking the dismissal of the Oklahoma assault and battery charge because the Oklahoma court failed to either adjudicate or dismiss the charge. Gieswein argued that the Oklahoma court's failure to act violated both his speedy trial rights and the Interstate

Agreement on Detainers Act. The district court dismissed Gieswein's § 2254 motion, however, because he failed to exhaust his available state-court remedies. The district court then denied Gieswein's request for a COA.

**II.**

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "the district court denies a habeas petition on procedural grounds . . . , a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," a COA may not be granted. *Id.*

A federal inmate bringing a § 2254 challenge to a state detainer against him generally must exhaust his available state-court remedies before a federal court can consider his petition. 28 U.S.C. § 2254(b)(1)(A); *Knox v. State of Wyo.*, 959 F.2d 866, 867–68 (10th Cir. 1992). To successfully exhaust his available state-court remedies, "a federal habeas petitioner must provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (brackets omitted). A petitioner has not exhausted his state-court remedies if he still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

3

## III.

We agree with the district court that Gieswein failed to exhaust his available state-court remedies. On appeal, Gieswein argues that he exhausted his state-court remedies because he "filed multiple Motions, Notices and Writs in the Oklahoma County District Court and the Oklahoma Superior court," but the Oklahoma County District Court has failed to either adjudicate or dismiss his case. Aplt. Br. at 1. Even though the Oklahoma district court has failed to act, Gieswein still has an available state-court remedy. He may compel the Oklahoma district court to consider his motions by filing a petition for writ of mandamus in the OCCA. *See State ex rel. Boatman v. Payne*, 257 P.2d 842, 846 (Okla. Crim. App. 1953) (explaining that relief by mandamus can be sought by the defendant "where the trial court [] refuses to act"). Because Gieswein has failed to file a valid petition for mandamus in the OCCA, he still has an "available procedure" for presenting his claim to the state court. *See* 28 U.S.C. § 2254(c).

Although Gieswein has already filed two petitions for writ of mandamus in the OCCA, both were dismissed for failure to comply with procedural rules.[2] Consequently,

---

[2] In Gieswein's first petition for writ of mandamus, he failed to serve notice on the opposing party as required by Rule 10.3 of the Rules of the Oklahoma Court of Criminal Appeals. Order Declining Jurisdiction, No. MA-2018-0938 (Okla. Crim. App. Sept. 26, 2018). In Gieswein's second petition, he failed to demonstrate that he was denied relief by the Oklahoma County District Court as required by Rule 10.1.A. of the Rules of the Oklahoma Court of Criminal Appeals. Order Declining Jurisdiction, No. MA-2019-0899 (Okla. Crim. App. Dec. 23, 2019). Gieswein can correct this second deficiency by showing that he has been filing motions since 2016, which are all still pending before the Oklahoma County District Court. *See Webber v. Dist. Court of Tulsa Cty.*, 895 P.2d 728, 730 (Okla. Crim. App. 1995) ("A district court's failure to timely rule upon discovery motions is a matter which may be addressed and remedied by a writ of mandamus.").

4

Gieswein must perfect his writ of mandamus in the OCCA in order to exhaust his state-court remedies.

## IV.

Because Gieswein failed to exhaust his available state-court remedies, no reasonable jurist could debate that the district court's dismissal of his § 2254 motion was proper. We therefore deny the COA and dismiss the appeal. We also grant Gieswein's motion to proceed *in forma pauperis*.


Entered for the Court


Allison H. Eid
Circuit Judge